IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-378-ELG |
| | ) | |
| BROUGHTON CONSTRUCTION CO., LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| WENDELL WEBSTER, in his official capacity as chapter 7 trustee and as assignee of Industrial Bank and Nationwide Mutual Insurance Company | ) | Adv. Case No. 25-10054-ELG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SQUARE FUNDING, LLC d/b/a SQUARE ADVANCE | ) | |
| | ) | |
| Defendant. | ) | |

**First Requests for Production to Square Funding, LLC**

Comes now Wendell Webster (the "Trustee" or "Plaintiff"), chapter 7 trustee for the estate

of Broughton Construction Co., LLC ("Broughton" or the "Debtor"), by and through undersigned

special counsel, pursuant to Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil

Procedure 34, and propounds these requests for production (the "Requests," with each such item

being a "Request") upon Square Funding, LLC d/b/a Square Advance ("Square" or the

"Defendant").

Documents responsive to these Requests are to be produced via e-mail, to

mac@mbvesq.com, with a carbon copy to christianna@dcbankruptcy.com, at or before 12:00 pm

prevailing eastern time on Tuesday, April 21, 2026, *except* that if Square elects to invoke its right

to make a physical production of documents for inspection and/or copying, Square is to so notify

counsel for the Trustee, via telephone (240-351-6442) or e-mail (mac@mbvesq.com with a carbon copy to christianna@dcbankruptcy.com) not later than Monday, April 20, 2026 at 2:00 pm prevailing eastern time and then proceed to make a physical production of documents at 1050 Connecticut Avenue, Suite 500, Washington, DC 20036 on Tuesday, April 21, 2026 at 2:00 pm prevailing eastern time.

## DEFINITIONS

For purposes of responding to these Requests, the following definitions shall apply:

1. The term "**Action**" shall mean the above-captioned case.

2. The terms "**you**" or "**your**" shall refer to Square, the agents of Square, and third parties or other persons or legal entities acting, or purporting to act, on your behalf, in concert with you, or under your control.

3. The terms "**document**" or "**documents**" as used herein, mean all graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control, including but not limited to deeds, title policies, commitments or abstracts, writings, letters, e-mails, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements, covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated. The terms "**document**" or "**documents**" shall also include any and all files from any personal computer,

notebook, laptop computer, tablet, smartphone, personal device, file server, minicomputer, main-frame computer, or other storage device, including but not limited to hard drive disk drives or backup or retrieved electronic information, including but not limited to e-mail. Further, all relevant files that are still on a storage media device, but which are identified as "erased but recoverable" are included within the meaning of "**document**" or "**documents**". Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." Any draft or preliminary form of any document is also to be considered a separate "document." Specific reference to any other type of document in the ensuing interrogatories shall not be construed as in any respect limiting the generality of the foregoing definition.

4.      The term **"communication"** shall mean any document, in any of the forms described above, which was transmitted, or a copy of which was transmitted, by you to another person, or by another person to you.

5.      The term "**person**" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

6.      The terms **"relating to"** **"related to"** or **"regarding"** shall mean containing, constituting, showing, mentioning, reflecting, or pertaining or referring to in any way, directly or indirectly to the subject matter indicated by the interrogatory and, with regard to documents is meant to include, among other documents, those underlying, supporting or previously attached or appended to, or used in the preparation of any document requested.

7.      The terms "**describe**," "**discuss**," "**analyze**," "**describing**," **discussion**," or "**analyzing**," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

8.      The term **"between"** means among, involving, concerning, and connecting.

9.      The term "**correspondence between**" means any correspondence to or from either or any of the parties to the other party.

10.      The terms "**and**" and "**or**" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory any document or information that might otherwise be construed to be outside its scope.

11.      The term "**any**" means one or more.

12.      The term "**including**" shall be used in the sense of the specification, and is not to be construed as a word of limitation.

### INTRUCTIONS

1.      These requests are continuing in nature. Your responses to these requests should be supplemented not later than 30 days prior to any hearing addressing the merits of any parties' claims or defenses.

2.      For each document you contend you are entitled to withhold, identify the document and state with specificity the reason for withholding.  For any document withheld under a claim of privilege, state:

   a.   The name and title of the author(s);

   b.   The name and title of the person(s) to whom a copy of the document or its contents, or any part thereof, was sent or conveyed or to whom the document or a copy, or any part thereof was showed;

   c.   Its date;

   d.   The name and title of the person(s) to whom the document was addressed;

   e.   The number of pages;

   f.   A brief description of the subject matter;

g.  The nature of the privilege claimed; and

h.  The paragraph(s) to which the document is otherwise responsive.

3.  If any document requested was formerly in the possession, custody or control of the recipient of these Requests and has been lost or destroyed, the recipient is requested to submit in lieu of each document a written statement that:

a.  Describes in detail the nature of the document and its contents;

b.  Identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

c.  Specifies the date upon which the document was prepared or transmitted or both; and,

d.  Specifies, to the extent possible, the date upon which the document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

4.  If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of any portion of a document, the portion(s) subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

5.  Unless otherwise stated, the applicable time period for each Request is January 1, 2020 through the present.

## INDIVIDUAL REQUESTS

Request 1.    All documents you plan to introduce into evidence, offer as exhibits, or otherwise make part of the record in any hearing, or in support of any written motion, in the Action.

Request 2.      All documents Square has received from any third party in response to any subpoena issued in connection with the above-captioned bankruptcy proceeding or any adversary proceeding filed in connection with the above-captioned bankruptcy proceeding.

Request 3.      All documents Square has received from any third party in response to any subpoena issued in connection with any judicial action to which both Square and the Debtor are or were parties.

Request 4.      All agreements and/or contracts, to which both Square and the Debtor are or were parties, first executed at any time from January 1, 2022 through the present.

Request 5.      All communications between Square and the Debtor (inclusive of any officers, directors, or other agents of the Debtor), from January 1, 2022 through the present.

Request 6.      All documents evidencing the transfer of monies, from Square to the Debtor, from January 1, 2022 through the present.

Request 7.      All documents evidencing the transfer of monies, from the Debtor or from any accounts held in the name of the Debtor, to Square, from January 1, 2022 through the present.

Request 8.      All e-mails sent by Square (or any employee or agent of Square if sent through an e-mail account maintained by Square), from January 1, 2022 through the present, in which any of the following quoted words or terms are present (with such words and terms to be searched sans the quotation marks and other grammatical markings—except for dashes and periods—set forth below):

1. "Broughton,"

2. "Casey Stringer,"

3. "Wendell Webster,"

4. "Wendell W. Webster,"

5. "Justin Fasano,"

6. "Justin P. Fasano,"

7. "Christopher Rogan,"

8. "Christopher L. Rogan,"

9. "Maurice VerStandig,"

10. "Maurice B. VerStandig,"

11. "Mac VerStandig,"

12. "23-00378,"

13. "23-378,"

14. "23-00378-ELG," and/or

15. "23-378-ELG"

*except* e-mails sent solely between an attorney and a client, concerning the above-captioned bankruptcy case or the Action, shall be expressly excluded from the scope of this Request and, notwithstanding Instruction #2, *supra*, there shall not be a need to prepare a privilege log for such attorney/client communications.

Request 9.     All e-mails sent to Square (or any employee or agent of Square if sent through an e-mail account maintained by Square), from January 1, 2022 through the present, in which any of the following quoted words or terms are present (with such words and terms to be searched sans the quotation marks and other grammatical markings—except for dashes and periods—set forth below):

1. "Broughton,"

2. "Casey Stringer,"

3. "Wendell Webster,"

4. "Wendell W. Webster,"

5. "Justin Fasano,"

6. "Justin P. Fasano,"

7. "Christopher Rogan,"

8. "Christopher L. Rogan,"

9. "Maurice VerStandig,"

10. "Maurice B. VerStandig,"

11. "Mac VerStandig,"

12. "23-00378,"

13. "23-378,"

14. "23-00378-ELG," and/or

15. "23-378-ELG"

*except* e-mails sent solely between an attorney and a client, concerning the above-captioned bankruptcy case or the Action, shall be expressly excluded from the scope of this Request and, notwithstanding Instruction #2, *supra*, there shall not be a need to prepare a privilege log for such attorney/client communications.

Request 10.    All contracts or other agreements, bearing the verbiage "Standard Merchant Cash Advance Agreement" on the first page thereof, entered into between Square and any third party, from January 1, 2021 through December 31, 2022.

Request 11.    All documents evidencing the transfer of money, from Square to any third party, pursuant to the provisions of any contract or agreement produced in response to Request 10.

Request 12.    All documents evidencing the receipt of money, by Square, pursuant to the provisions of any contract or agreement produced in response to Request 10.

Request 13.    Each communication, from any third party to you, pursuant to the provisions of any contract or agreement produced in response to Request 10, in which the third party requests an adjustment or change in the amount of monies to be tendered to more closely reflect the third party's actual receipt of revenues, where such communication was received by you between January 1, 2021 and December 31, 2023.

Request 14.    All subpoenas, issued pursuant to the authority of any state, federal or tribal court, directed to Square, between the dates of January 1, 2022 and December 31, 2022.

Request 15.    All subpoenas, issued pursuant to the authority of any state, federal or tribal court, directed to Square, between January 1, 2025 and the present.

Request 16.    All communication, between Square and any officer or agent of the Office of the New York State Attorney General, from January 1, 2022 through the present.

Request 17.    All communication, between Square and any officer or agent of the New Jersey Office of Attorney General, from January 1, 2022 through the present.

Respectfully submitted,

Dated: March 19, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Special Counsel to Wendell Webster*
*In His Official Capacity as*
*Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of March, 2026, a copy of the foregoing was served electronically via e-mail to cajones@whitefordlaw.com and skaminski@kaminskilawpllc.com, with a copy also being sent, via US Mail, postage prepaid, to Christopher A. Jones, Esq., Whiteford Taylor & Preston L.L.P., 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042.

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig