**2025 WL 2696095 (N.Y.Sup.) (Trial Order)**
Supreme Court of New York.
Kings County

CFG MERCHANT SOLUTIONS, LLC, Plaintiff,
v.
ESSENTIAL FOUNDATIONS PRESCHOOL & LEARNING CENTER LLC dba Desert Dreams Daycare and
Jaime Hunter, Defendants.

No. 518812/2025.
September 19, 2025.

**\*1** At an IAS Term, Part 70 of the Supreme Court of the State of New York, Held in and for the County of Kings, at the Courthouse, at Civic Center. Brooklyn, New York, on the 18th Day of September, 2025

**Decision and Order**

Present: Hon. Wavny Toussaint, Justice.

| **The following e-filed papers read herein:** | **NYSCEF Doc Nos.** |
| --- | --- |
| Notice of Motion/Order to Show Cause/Petition/Cross Motion and Affidavits (Affirmations) _____ | 8-15, 17 |
| Opposing Affidavits (Affirmations) _____ | 18 |

Upon the foregoing papers in this breach of contract action, plaintiff CFG Merchant Solutions, LLC ("CFG" or "Plaintiff") moves (Seq. 01) for an order, pursuant to ⚑CPLR § 3212, granting it summary judgment against defendants Essential Foundations Preschool & Learning Center LLC ("Essential") and Jamie Hunter ("Hunter") ((NYSCEF Doc No. 8).

**BACKGROUND**

The complaint alleges that on or about December 2, 2024, CFG and Defendants "entered into an agreement ("Agreement") whereby Plaintiff agreed to purchase all rights to Essential's future receivables having an agreed upon value of $52,125," and Essential agreed to have one bank account approved by Plaintiff ("Bank Account") from which [it] authorized Plaintiff to make daily ACH withdrawals until $52,125 was fully paid to Plaintiff (complaint at ¶¶ 4-5). Hunter guaranteed Essential's obligation to CFG (*id*. at ¶ 6). CFG "remitted the purchase price for the future receivables to [Essential] as agreed" (*id*. at ¶ 7). The complaint alleges that "[Essential] stopped making its payments to [CFG] and otherwise breached the Agreement by intentionally impeding and preventing Plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations" (*id*. at ¶ 8). Essential allegedly "made payments totaling $16,759, leaving a balance of $35,366" (*id*. at ¶ 9).

The complaint asserts three causes of action: (1) against Essential for breach of the Agreement by failing to make the specified payment: (2) breach of the guaranty executed by Hunter; and (3) unjust enrichment based on the allegation that Defendants "have received the purchase price for the future receivables, yet have failed to pay the sum of $35,366 pursuant to the Agreement" (*id*. at ¶ 24).

Defendants collectively answered the complaint, denied the material allegations therein and asserted affirmative defenses, including that "this agreement was illegal[,]" "[d]efendants had a lack of understanding as to the material risks, costs [and] conditions . . . of the Agreement[,]" "[d]efendants here were lured into a loan situation packaged as a merchant cash advance . . ." and "[p]laintiff's claims are barred by . . . *usury*, estoppel, unclean hands, and waiver" (NYSCEF Doc No. 3 [emphasis added]).

## PARTIES' CONTENTIONS

### *CFG's Instant Summary Judgment Motion*

CFG now moves for summary judgment for the relief demanded in the complaint based on an affidavit from Laura Cinnella (Cinnella), CFG's Collections Manager, "responsible for, among other duties, maintaining archived documents regarding accounts that are in active litigation" (NYSCEF Doc No. 9 at ¶ 7). Cinnella attests that CFG is a "merchant advance company that provides cash advances to businesses in return for a percentage of the business' future receivables" (*id*. at ¶ 5).

**\*2** Cinnella reiterates the allegations in the complaint regarding the Agreement, pursuant to which CFG agreed to buy Essential's future receivables, and CFG funded the Agreement "having a face value of $52,125" for a cash advance of $37,500 (*id*. at ¶ 12). Cinnella attests that Hunter, the President of Essential, guaranteed the amounts owed to CFG (*id*. at ¶ 13). Cinnella further attests that:

> "[p]ursuant to the Agreement, [Essential] agreed to have one bank account approved by CFG . . . into which [Essential] and its customers were to remit $229 a day to CFG . . . until $52,125 was fully paid to CFG . . .
>
> "[Essential] initially met its obligation under the Agreement by making payments totaling $16,759 to CFG . . . leaving a balance owed on the Agreement in the amount of $35,366" (*id*. at ¶¶ 14-15).

Cinnella's affidavit annexes a copy of CFG's payment history as NYSCEF Doc No. 13. Cinnella asserts that "[p]ursuant to Section 9 (a) [of the Agreement], [Essential], by interfering with Plaintiffs rights to collect the Daily Amount, defaulted under the Agreement" (*id*. at ¶ 17). Specifically, Cinnella attests that:

> "[o]n or about May 16. 2025, May 19, 2025, May 20, 2025, May 21, 2025, May 22, 2025, May 23, 2025, May 27, 2025 and May 28, 2025, [Essential], by authorizing a closure of the designated bank account (Bank Code R02) from processing the daily ACH payment, consequently breached the Agreement" (*id*. at ¶ 18).

Cinnella references Section 10 of the Agreement, which provides that "[i]n the event of Seller's Breach, the full uncollected Amount Sold plus all fees and charges (including legal fees) due under this Agreement will become due and payable in full . . ." (*id*. at ¶ 20). Cinnella, however, notes that CFG only seeks the "balance due and owing to CFG . . . on the Agreement the amount of $35,366, plus additional interest, costs and disbursements" and "waives attorney's fees" (*id*. at ¶ 21).

### *Defendants' Opposition*

Defendants, in opposition, submit only an attorney affirmation asserting that "Plaintiff has violated New York Law which prohibits usurious loans when cloaked as purchases of revenue" (NYSCEF Doc No. 18 at 2, 16 and 20). Defense counsel asserts, repeatedly, that "[t]he lengths of the transactions are fixed and do not vary based on a specified percentage of revenue" (*id*. at 2-3 and 16-17). Defense counsel further argues, without any personal knowledge, that there were substantial barriers to reconciliation:

> "Plaintiff virtually never issues reconciliation refunds and makes them expressly discretionary. Plaintiff uses fixed specified percentages that are grossly inflated to ensure that Defendants are still unable to adjust payments retroactively through reconciliation.

> "There are additional barriers to reconciliation. Plaintiff used the effects of declining revenues to disqualify Defendants from reconciliation. Plaintiff manipulated how Defendants' revenue was calculated when performing reconciliations. Plaintiff refused to provide relief to Defendants when they experienced a sudden drop in revenue. Plaintiff disincentivized reconciliation, and their funders disfavored it. Prospective payment modifications (which are discretionary and do not align payments with the specified percentage) are not a substitute for reconciliation. Plaintiff treats the specified percentage (purportedly the share of revenue that Plaintiff was purchasing) as irrelevant except as a barrier to reconciliation. Plaintiff did not negotiate the specified percentage with Defendants. Plaintiff purported to purchase shares of Defendants' revenue that were improbably/impossibly large. Plaintiff left it up to individual funders to determine what counted as 'revenue.' The specified percentage was only relevant to reconciliation, where it serves chiefly as [a]n impediment" (*id*. at 16-17).

**\*3** Defense counsel also asserts that "Plaintiff claims rights to repayment and extensive recourse in the event of bankruptcy or lack of revenue" (*id*. at 17).

In addition to arguing that the Agreement is a usurious loan, defense counsel challenges the Cinnella Affidavit, and the admissibility of CFG's business records and payment history submitted therewith, asserting that:

> "[i]n the affidavit, the witness does not testify as to the exact method used by plaintiff to maintain these records. In this case, the witness does not testify as to how the alleged agreement herein was transmitted to the defendant, the witness does not provide testimony concerning the execution ceremony procedure. The witness does not provide testimony regarding the operating system of plaintiff's office. The witness does not testify that the contract is kept and filed electronically. In her affidavit, the witness does not provide any information regarding the location of the original contract" (*id*. at 14).

Essentially, counsel asserts that "[t]he Employee Affidavit is insufficient in providing a proper foundation and, thus, must be disregarded as hearsay evidence" (*id*. at 15).

### CFG's Reply

CFG, in reply, submits a memorandum of law asserting that Defendants failed to demonstrate that there is a genuine issue of material fact precluding summary judgment because they did not submit an affidavit from someone with personal knowledge. (NYSCEF Doc No. 20 at 1). CFG asserts that the "bare affirmation of nonmoving party's attorney who demonstrated no personal knowledge of the manner or the facts and circumstances is without evidentiary value and thus unavailing" (*id*. at 3).

Regarding the merits, CFG asserts that while Defendants argue that the Agreement is a usurious loan rather than a purchase of future receivables, they "rely on case law none of which even concern merchant cash advance agreements . . ." (*id*. at 2). CFG asserts that "New York Courts have codified a three-factor test to determine whether a merchant cash advance agreement or a usurious loan" and "the explicit language of the Agreement heavily conforms to the three-factor test to show that the Agreement is, in fact, a purchase of future receivables and not a loan" *(id.)*.

## DISCUSSION

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If it is determined that the movant has made a prima facie showing of entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

**\*4** "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*Crystal Springs Cap., Inc. v Big Thicket Coin, LLC*, 220 AD3d 745, 746 [2d Dept 2023], quoting *LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]). "When determining whether a transaction constitutes a usurious loan it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" (*Abir v Malky, Inc.*, 59 AD3d 646, 649 [2d Dept 2009] [internal quotation marks omitted]). "To determine whether a transaction constitutes a usurious loan: the court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*Principis Cap., LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022] [internal quotation marks omitted]). The Second Department recently reaffirmed a three-factor test for determining whether or not repayment is absolute or contingent:

> "[c]ourts generally "weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*True Bus. Funding, LLC v Guerrero A Constr. Corp.*, 239 AD3d 787, \*2 [2d Dept 2025] [internal quotation marks omitted]).

Here, Section 7 of the Agreement has a reconciliation provision, which provides in relevant part:

> **"Reconciliation and Adjusting the Daily Amount (IMPORTANT PROTECTION FOR SELLER):** The initial Daily Amount is intended to represent the specified Purchased Percentage of Seller's Future Receipts. At any time. Seller or Buyer may request that Buyer adjust the Daily Amount to more closely reflect the Seller's actual Future Receipts times the specified Purchased Percentage.

> a. **How Seller may Request a Reconciliation.** Seller may request a reconciliation by sending an email to reconciliation@cfgms.com.

> b. **How Buyer may Request a Reconciliation.** Buyer may request a reconciliation in writing via regular mail or e-mail.

> c. **Adjusting the Daily Amount.** Seller agrees to provide Buyer any information reasonably requested by Buyer to assist in this reconciliation, including but not limited to Seller's most recent full month's official Bank Account statement, along with a list of subsequent transactions from the end of that statement to-date in any format Buyer reasonably requests (the 'Reconciliation Information'). *Upon receipt of the Reconciliation Information, Buyer shall promptly* (but no later than three (3) calendar days following Buyer's reasonable verification of Reconciliation Information), *adjust* the Daily Amount on an going-forward basis *to more closely reflect the Seller's actual Future Receipts* times the specific Purchased Percentage. After each adjustment made the pursuant to this paragraph, the new dollar amount shall be deemed the Daily Amount until any subsequent adjustment. If an adjustment results in an increa[s]e to the Daily Amount, Buyer will give Seller notice prior to any such

adjustment. . . ." (NYSCEF Doc No. 12 at § 7 [a]-[c] [emphasis added]).

This reconciliation provision weighs in favor of repayment under the Agreement being contingent, since reconciliation is not in CFG's sole discretion and Section 7 [C] of the Agreement explicitly states that, upon receipt of reconciliation information, the payment amount shall be adjusted "to more closely reflect the Seller's actual Future Receipts . . ."

Regarding the second prong of the test, the Agreement does not have a finite term. Section 1 of the Agreement entitled "Sale of Future Receipts" specifically provides that payment is intended to represent the Specified Percentage of Seller's Future Receipts:

> **\*5** "Seller agrees to sell to Buyer, in consideration of the Purchase Price as specified in the Schedule of Purchased Receipts, the Amount Sold, by delivering the Purchased Percentage of the proceeds of each future sale made by Seller ('Future Receipts'), including amounts due from Seller's payment card processor (hereafter 'Processor'). "Future Receipts" includes all payments made by cash, check. ACH or other electronic transfer, credit card, debit card, bank card, charge card . . . or other form of monetary payment in the ordinary course of Seller's business. As payment for the Amount Sold, Buyer will deliver to Seller the Purchase Price, shown above, minus any fees shown above. . . ." (*id*. at § 1).

Absent a payment default by its provisions, the Agreement's term would have expired once the total amount of purchased Future Receipts is paid to CFG. Furthermore, the reconciliation provision rendered the term of the Agreement indefinite (*True Bus. Funding*, *LLC v Guerrero A Constr. Corp.*, 239 AD3d at \*2).

Finally, Section 4 (g) of the Agreement, which contains Seller's Representations, Warranties and Covenants, provides that:

> "Each fact in any financial record, statement, books and records or other documents Seller has shown to Buyer, either before or after the execution of this Agreement, was true, accurate and complete at such dates. *As of the date of this Agreement*, Seller is in good standing with all financing agreements and *is not contemplating bankruptcy" (id*. at § 4[g] [emphasis added]).

Other than the foregoing representation that Seller is not contemplating bankruptcy, Section 6 of the Agreement further provides, in relevant part, that Buyer assumes the risk that Seller goes bankrupt:

> "Buyer assumes the risk that Future Receipts may be remitted more slowly than Buyer may have anticipated or projected because Seller's business has slowed down, *and the risk that the full Amount Sold may never be remitted because Seller's business went bankrupt* or Seller otherwise ceased operations in the ordinary course of business" (*id*. at § 6 [emphasis added]).

Since bankruptcy relieved the Corporate Defendant of the obligation of repayment, CFG's entitlement to repayment was not absolute (*True Bus. Funding, LLC v Guerrero A Constr*. Corp., 239 AD3d at \*2).

Considering the three foregoing factors, CFG has satisfied its prima facie burden of demonstrating that the parties' Agreement was for the purchase of Essential's future receivables and not an illegal usurious loan. Defendants, in opposition, failed to raise an issue of fact. Indeed, Defendants merely opposed CFG's summary judgment motion with an attorney affirmation, which lacks any evidentiary value (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that CFG's summary judgment motion (Seq. 01) is granted and the clerk is directed to enter judgment against Defendants in the amount of $35,366.00 plus interest from May 16, 2025, the date of the initial breach.

This constitutes the decision, order and judgment of the court.

ENTER,

<<signature>>

J. S. C.

**End of Document**                                                                            © 2025 Thomson Reuters. No claim to original U.S. Government Works.

NEW YORK SUPREME COURT - COUNTY OF BRONX
**PART 31**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------------------------X
**J.P.S INN INC. and JOHN PIRRAGLIA,**

                            Plaintiff,

    - against -

**CFG MERCHANT SOLUTIONS, LLC and "JOHN DOE" and "JANE DOE,",**

                            Defendant.
-----------------------------------------------------------------------------X

Index No. **816602/2025E**

Hon. **FIDEL E. GOMEZ**
            Justice

The following papers numbered 1 to 1, read on this Motion noticed on 10/23/2025, and duly submitted as no. 3 on the Motion Calendar of 10/23/2025.

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause – Exhibits and Affidavits Annexed | 1 | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| Notice of Cross-Motion - Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers- Order Appointing Temporary Receiver | | |
| Memorandum of Law | | |

Defendant's motion is decided in accordance with the Decision and Order annexed hereto.

Dated:
       1/16/26

Hon. _____
**FIDEL E. GOMEZ, JSC**

1.CHECK ONE             ☐ CASE DISPOSED    X NON-FINAL DISPOSITION
2. MOTION/CROSS-MOTION IS   X GRANTED (MOTION) ☐ DENIED (MOTION)
                              ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE.     ☐ SETTLE ORDER      ☐ FIDUCIARY APPOINTMENT
                              ☐ SUBMIT ORDER     ☐ REFEREE APPOINTMENT
                              ☐ DO NOT POST      ☐ NEXT APPEARANCE DATE:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

-------------------------------------------------------------------X

**J.P.S INN INC. and JOHN PIRRAGLIA ,**

        Plaintiff,

-against-

**CFG MERCHANT SOLUTIONS, LLC and
"JOHN DOE" and "JANE DOE,"**

        Defendants.

-------------------------------------------------------------------X

**DECISION AND ORDER**

**Index No. 816602/2025E**

In the instant action, defendant CFG Merchant Solutions, LLC (CFG) moves for an Order, pursuant to CPLR § 3211(a)(1) and (a)(7), dismissing the complaint with prejudice.

For the reasons that follow hereinafter, CFG's motion is granted.

## BACKGROUND

In its verified amended complaint (complaint), alleges causes of action against for criminal usury, unconscionable contract, violations of New York General Obligations Law (GOL) § 349 (deceptive business practices), civil fraud and injunctive relief. Specifically, the complaint alleges, *inter alia*, as follows: Plaintiff J.P.'s Inn Inc. (JP) operates as a seafood restaurant in the City Island section of Bronx, NY. Plaintiff John Pirraglia (Pirraglia) owns and operates JP. Defendant represented itself as being in the business of purchasing future receivables also known as Merchant Cash Advances (MCAs), to advance funds in exchange for a fixed share of the client's future sales income (receivables). On July 20, 2023, defendant issued a cash advance to JP in the amount of $265,000 (MCA1). After deduction of fees by defendant, JP received $259,700. In exchange, JP was required to repay the sum of $376,000 in future sales which amounted to over 188 daily payments (approximately a 9-month term). Defendant required JP to sign an authorization that it would be paid via automatic deductions from JP's bank account in the sum of $2,000 each weekday. Defendant also required Pirraglia to

-1-

sign a personal guaranty.  Before MCA1 was fully paid, defendant offered JP what it called a "renewal."  Defendant offered to provide new funding, but a portion of the new funding was actually applied to the existing balance under MCA1, which, in reality, shortened the term of MCA1, and made the effective interest rate higher.  Defendant issued its second round of funding (MCA2) when it advanced JP the sum of $383,000.  However, of that amount, defendant paid itself back $277,900 of the MCA1 balance and JP only received $105,000 of new money.  In exchange for this additional funding, JP was required to repay the sum of $536,200 over 180 daily payments (approximately a 9-month term).  JP signed a authorization to repay that sum via automatic deductions from JP's bank account in the sum of $2,979 each weekday.  Pirraglia signed a personal guaranty for MCA2.  In October 2023, after the height of the restaurant season on City Island, JP's business revenues and receivables began to drop to lower than expected levels, and  defendant was unable to receive the payments they required from JP's account.  On May 8, 2024, defendant filed an action for breach of MCA2.  Because JP's counsel failed to respond or appear in that action, defendant obtained a default judgment in that action against plaintiff in the amount of $546,223.78.

With respect to plaintiffs' criminal usury claim, the complaint alleges:   MCA1 and MCA2 are invalid and unenforceable MCAs.  Those agreements or advances were usurious loans in disguise with rates of interest that exceed the criminal usury threshold of 25% per annum pursuant to New York Penal Law (PL) § 190.40.  MCA1 had an annualized interest rate of 91%, and MCA2 had an annualized interest rate of 188% when taking into account that most of the funds, $277,900, were used to repay MCA1.

With respect to plaintiffs' claim labeled unconscionable contract, the complaint alleges: The MCAs are unconscionable contracts because of their usurious interest rates, they are designed to fail and result in a default in the event that JP suffers any significant decrease in sales or receivables, and they give defendant the irrevocable right to withdraw money directly from JP's bank account, which prevents JP from transferring, moving or selling the business or any assets without permission from defendant.

-2-

With respect to plaintiffs' deceptive business practices (GOL § 349) claim, the complaint alleges: Defendant has engaged in deceptive business practices in violation of GOL § 349 by failing to disclose to JP and Pirraglia that they were actually entering into a usurious loan agreement to borrow money from defendant, with fixed terms.

With respect to plaintiffs' civil fraud claim, the complaint alleges: Defendant has made material representations of fact regarding their MCA agreements with full knowledge of the falsity of those representations. Their misrepresentations were made with the intent to induce JP to enter into loans with criminally usurious interest rates, and JP justifiably and reasonably relied on such misrepresentations.

With respect to plaintiffs' claim for injunctive relief, the complaint alleges: Defendant's ability to restrain JP's bank account and its merchant credit card processing accounts will cause irreparable harm to plaintiffs and force JP to cease operations of its restaurant without any ability to collect even a portion of its revenue to pay its employees and creditors. Plaintiff has no plain, speedy, or adequate remedy at law. Injunctive relief is appropriate as plaintiff will prevail on the merits, irreparable damages favor the issuance of an injunction, and the balancing of equities supports granting an injunction.

<u>STANDARD OF REVIEW</u>

In deciding a motion to dismiss pursuant to CPLR § 3211, a court must "accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). The pleading is to be afforded a liberal construction (*id.* at 87). Ambiguous allegations must be resolved in plaintiff's favor (*JF Capital Advisors, LLC v Lightstone Group, LLC,* 23 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152 [2002]). "Where . . . the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary

-3-

evidence, they are not entitled to such consideration" (*Ullman v Norma Kamali, Inc.,* 207 AD2d 691, 692 [1st Dept 1994]).

It is well settled that a defense based on documentary evidence is not dispositive "unless the documents submitted resolve all of the factual issues as a matter of law" (*Standard Chartered Bank v D. Chabbott, Inc,* 178 AD2d 112, 112 [1st Dept 1991]). Dismissal of the complaint pursuant to CPLR § 3211(a)(1), therefore, is only warranted where "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]).

When a party moves to dismiss a complaint pursuant to CPLR § 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action ( *Guggenheimer v Ginzburg,* 43 NY2d 268 [1977]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman Sachs & Co.,* 5 NY3d 11, 19 [2005]). On a motion made pursuant to CPLR § 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party (*Sokol v Leader,* 74 AD3d 1180, 1181 [2nd Dept 2010]). While "CPLR § 3211 allows a plaintiff to submit affidavits, [] it does not oblige him to do so on penalty of dismissal" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]). Affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint, and such affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (*id.* at 636). Thus, a plaintiff "will not be penalized because he has not made an evidentiary showing in support of his complaint" (*Rovello* at 635).

However, a court may consider evidentiary material submitted by a defendant, and if it does so, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer* at 275). Affidavits submitted by a defendant "will almost never warrant dismissal under CPLR § 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Lawrence v Graubard Miller,* 11 NY3d 588, 595 [1976] quoting *Rovello* at 636). Indeed, a motion to dismiss pursuant to CPLR § 3211(a)(7) must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a

-4-

fact at all and unless it can be said that no significant dispute exists regarding it" ( *Guggenheimer* at 275).

Discussion

All of plaintiffs' claims are premised on the theory that the MCAs are usurious loans and, therefore, they are void and unenforceable.

Significantly, by Decision and Order dated January 20, 2026, this Court denied plaintiffs' motion for a preliminary injunction enjoining CGA from: (1) restraining plaintiff's bank account and merchant credit card processing accounts and (2) engaging in further collection efforts of a judgment in the amount of $546,223.78, entered by the Kings County Clerk.

As the Court discussed in that Decision,

> [a] transaction is usurious under criminal law when it imposes an annual interest rate exceeding 25% (*Paycation Travel, Inc. v Global Merchant Cash, Inc.,* 192 AD3d 1040, 1040 [2d Dept 2021]; *Abir v Malky, Inc.,* 59 AD3d 646, 649 [2d Dept 2009]). A usurious contract is void and relieves the plaintiff of the obligation to repay principal and interest thereon (GOL § 5-511; *Seidel v 18 East 17th Street Owners, Inc.,* 79 NY2d 735, 740 [1992]; *Abir* at 649). Usury laws only apply to loans or forbearances, not investments (GOL § 5-501[1],[2]); *Seidel* at 744). "If the transaction is not a loan, there can be no usury, however unconscionable the contract may be" (*Seidel* at 744 citing *Orvis v Curtiss,* 157 NY 657, 661 [1899] [internal quotation marks omitted]). Significantly, GOL § 5-521 bars a corporation such as JP from asserting usury in any action, except in the case of criminal usury as defined in Penal Law § 190.40, and then only as a defense to an action to recover payment of a loan, and not as the basis for a cause of action asserted by the corporation for affirmative relief (*Paycation Travel, Inc.* at 1040; *Intima-Eighteen, Inc. v A.H. Schreiber Co., Inc.,* 172 AD2d 456, 457 [1st Dept 1991] ["The statutory exception for interest exceeding 25 per cent per annum is strictly an affirmative defense to an action seeking repayment of a loan and may not, as attempted here, be employed as a means to effect recovery by the corporate borrower."] [internal citations omitted]).

-5-

In its Decision, the Court found that

> under prevailing law in the First Department, [usury] may not form the basis of a claim seeking affirmative relief, as plaintiff seeks to do here. Notably, plaintiffs may have asserted same as a defense to defendant's action in Kings County Supreme Court to enforce the MCA's, but as they defaulted in that action, they failed to do so. Also, while plaintiffs asserted same in support of their motion to vacate the default judgment entered in Kings County Supreme Court, said motion was denied because the Court found that plaintiffs failed to establish excusable default. In sum, plaintiffs may not obtain the relief they seek from the judgment entered against them in Kings County Supreme Court by asserting the defense of a usurious loan as an affirmative claim in the instant action in Bronx County Supreme Court.

In addition, the Court found that

> here, the record belies any assertion that the MCAs were loans subject to any restrictions on interest. To be sure, "[u]nless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*Crystal Springs Capital, Inc. v Big Thicket Coin, LLC,* 220 AD3d 745, 746 [2d Dept 2023] [internal quotation marks and citations omitted]*; LG Funding, LLC v United Senior Props. of Olathe, LLC,* 181 AD3d 664, 666 [2d Dept 2020]). Whether repayment is absolute requires a determination as to whether the agreement contains a reconciliation provision (*Crystal Springs Capital, Inc.* at 747; *LG Funding, LLC* at 666). If the agreement has a nondiscretionary reconciliation provision, it is not a loan (*Id.*). Thus, inasmuch as all causes of action asserted are premised on usury, here, where the MCAs are not loans, plaintiff fails to establish a likelihood of success on the merits.

Given this Court's prior finding that the MCAs are not loans subject to any restrictions on interest, and since all of plaintiffs' claims are predicated on the theory that the MCAs are usurious loans, all of plaintiffs' claims fail and must be dismissed for failure to state a cause of

-6-

action, pursuant to CPLR § 3211(a)(7)[1] and, pursuant to CPLR § 3211(a)(1), since the agreement conclusively establishes that the MCAs were not loans.

Based on the foregoing, CGA's motion is granted as to CGA and the John and Jane Doe defendants.

Accordingly, it is hereby

ORDERED that the verified amended complaint in this action be dismissed with prejudice. It is further

ORDERED that CGA shall serve a copy of this Decision and Order upon plaintiffs, with Notice of Entry, within thirty (30) days of the date hereof.

This constitutes the Decision and Order of this Court.

Dated: Bronx, New York
      January 16, 2026

Hon. _____
          FIDEL E. GOMEZ, J.S.C.

---

[1]Additionally, to the extent that plaintiffs seek injunctive relief, as the Court discussed in the prior decision:

> ... here, the preliminary injunctive relief that plaintiff seeks is to affect a stay of the order issued by the Supreme Court in Kings Count. To that end, it is well settled that "an application affecting a prior order or judgment be made to the Judge who signed it" (*Mears v Chrysler Fin. Corp.,* 243 AD2d 270, 272 [1st Dept 1997]). This is because "[a] court of coordinate jurisdiction has no authority to rule on a matter already reviewed by another Judge of equal authority" (*Matter of DeLanoy v O'Rourke,* 276 AD2d 728, 729 [2d Dept 2000]). Thus, here, the relief sought - a stay - must be sought in the action in King's County.

Thus, plaintiff's claim for injunctive relief fails for this additional reason, pursuant to CPLR § 3211(a)(7).



**STATE OF NEW YORK**
**UNIFIED COURT SYSTEM**
**FIFTH JUDICIAL DISTRICT**
ONONDAGA COUNTY COURTHOUSE
SYRACUSE, NEW YORK 13202
(315) 671-1106
FAX: (315) 671-1184

**HON. DEBORAH H. KARALUNAS**
Fifth Judicial District Administrative Judge

**SANDRA J. SABOURIN, ESQ.**
General Counsel

**KRISTIN L. MORIARTY, ESQ., MBA**
Assistant Law Clerk

August 6, 2025

Steven W. Wells, Esq.
Wells Law P.C.
229 Warner Road
Lancaster, New York 14086

Vladimir Nikhman, Esq.
Nikhman, Nikhman & Associates PLLC
2903 Ocean Avenue
Brooklyn, New York 11235

## LETTER DECISION and ORDER

Re:     CFG Merchant Solutions, LLC v. L & D Café Inc DBA Marian's Bagels
        and Constantine Manos, Index No.: 005387/2025

Dear Counselor and Mr. Johnson:

In this action for breach of contract and personal guarantee, plaintiff CFG Merchant Solutions, LLC ("plaintiff" or "CFG") moves for summary judgment pursuant to New York Civil Practice Law and Rules § 3212, seeking $383,000.00 in unpaid remittances, a UCC fee of $ 195.00, interest, attorneys' fees, cost and disbursements. Defendants L & D Café Inc DBA Marian's Bagels ("defendant" or "Merchant") and Constantine Manos ("Manos" or "Guarantor") (collectively "defendants") oppose the requested relief. For the reasons set forth below, plaintiff's motion for summary judgment is granted.

**Background**

On August 21, 2024, plaintiff and defendants entered into a Purchase Agreement ("Agreement"), wherein plaintiff purchased 10.49% of Merchant's total future receipts ("Purchased Percentage"), up to

1 of 4

the sum of $ 444,000.00 ("Amount Sold"), in exchange for an upfront purchase price of $ 300,000.00 ("Purchase Price") personally guaranteed by Manos. Elder Aff. ¶¶ 4 and 8; Agreement ¶¶ 21-23.

The Agreement required Merchant to make daily remittances of $1,749 ("Daily Amount"), which was a good faith estimate of the Purchased Percentage of Merchant's average daily receipts, by allowing plaintiff to debit the Daily Amount each day from Merchant's deposit account until plaintiff was paid in full. Elder Aff. ¶¶ 5-6; Agreement, p. 1, 2b-c, 4e. The Agreement further allowed Merchant, upon written request, to reconcile and/or adjust the Daily Amount. Elder Aff. ¶ 7; Agreement ¶ 7. For the period from September 24, 2024 to November 29, 2024, plaintiff voluntarily agreed to accept a reduced daily remittance of $1,250. Id. ¶ 7.

Pursuant to the Agreement, Merchant agreed it:

> shall deposit all Future Receipts into the Bank Account and shall not close or change the Bank Account . . . or to permit any event to occur that could cause a diversion of any of Seller's Payment Card transactions to another processor without Buyer's prior written consent.

Agreement ¶ 4e.

After accepting plaintiff's $300,000.00 purchase price[1] on August 22, 2024, Merchant made remittances totaling $61,000.00 before plaintiff's attempted debits were stopped or returned on or about December 19, 2024. Elder Aff. ¶¶ 11-13 and Exhs. C and D. Thereafter, Merchant failed to remit to plaintiff the Purchased Percentage of its receivables, leaving an outstanding balance owed of $383,000.00. Id. Guarantor breached the Guaranty by failing to cause Merchant to perform its obligations under the Purchase Agreement. Id. ¶ 14; Agreement ¶ 21.

Plaintiff now moves for summary judgment. Defendant opposes the motion arguing, inter alia, that the plaintiff failed to meet its initial burden on the motion and that the Agreement was actually a usurious loan that is unenforceable.

On a motion for summary judgment, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact. See, Alvarez v. Prospect Hosp., 68 N.Y.2d 320, 324 (1986). Once a prima facie showing has been made, a party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to raise a material question of fact or demonstrate an acceptable excuse for his failure; mere conclusions, expressions of hope or unsubstantiated allegations are insufficient. Zuckerman v City of New York, 49 N.Y.2d 557, 562 (1980). Speculation or conjecture is insufficient to defeat a motion for summary judgment. Raux v. City of Utica, 59 A.D.3d 984, 985 (4th Dep't 2009); Kirbis v. L.P. Cimineli, 90 A.D.3d 1581, 1582-83 (4th Dep't 2012).

---

[1] The purchase price was derived by application of $163,250 in satisfaction of an outstanding balance due Merchant's outstanding balance under a prior agreement, transfer of $ 135,000.00 to Merchant by a book transfer debit, and deduction of applicable and disclosed upfront fees of $1,750. Elder Aff. ¶¶ 9-10; Agreement pp. 1,12 and Exhs. A and B annexed thereto.

To recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach. Manlius Ctr. Rd. Assoc., LLC v. Singh, 2025 N.Y. App. Div LEXIS 3498 *3 (4th Dep't 2025); Arista Dev., LLC v. Clearmind Holdings, LLC, 207 A.D.3d 1127, 1127 (4th Dep't 2022); Niagara Foods, Inc v. Ferguson Elec. Serv. Co., Inc., 111 A.D.3d 1374, 1376 (4th Dep't 2013), *lv denied* 22 N.Y.3d 864 (2014).

Likewise, "[a] guaranty is a promise to fulfill the obligations of another party, and is subject 'to the ordinary principals of contract construction.'" Midtown Mkt. Mo. City v. Tavakoli, 192 A.D.3d 1646, 1647 (4th Dep't 2021). Under those principles, "[w]ritten agreements 'that are complete, clear and unambiguous on their face must be enforced according to the plain meaning of their terms.'" JP Oil Group, Inc. v. Lakhani, 224 A.D.3d 1380, 1381 (4th Dep't 2024) (plaintiff submitted undisputed proof non-party failed to meet its contractual obligations, which was guaranteed by defendant); Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v. TT Medlock Crossing, LLC, 210 A.D.3d 1450, 1451 (4th Dep't 2022), *lv dismissed in part & denied in part* 39 N.Y.3d 1102 (2023).

By Affirmation of James Elder, CFG's authorized representative, plaintiff meets its initial burden on both causes of action by establishing: 1) the existence of the Agreement and Guaranty; 2) plaintiff's payment of the agreed upon purchase price to Merchant; 3) Merchant's remittances between August 22, 2024 and November 29, 2024 totaling $ 61,000.00; 4) Merchant's failure to remit payments after November 29, 2024 leaving a balance of $ 383,000.00; 5) Guarantor's failure to remit payment pursuant to the Guaranty; and 6) damage to plaintiff from defendants breaches of their obligations under the Agreement and Guaranty in the sum of $383,195.00 (outstanding balance on the purchased amount of receipts plus a $195.00 contractual FCC fee).

In opposition, defendants have not "shown facts sufficient to require a trial of any issue of fact" CPLR § 3212(b), even when the pleadings are considered in a light most favorable to them. Contrary to defendants' argument, the Agreement between the parties was not a loan under the three pronged analysis set for in Samson MCA LLC v. Joseph A. Russo M.D.P.C/IV Therapeutics PLLC, 219 A.D.3d 1126, 1128 (4th Dep't 2023). Moreover, New York Courts have already found plaintiff's Agreement a bona fide purchase of future receipts, not a loan subject to usury laws. CFG Merch. Sols., LLC v. 3 Heads Smoke Shop Inc., 2025 N.Y. Misc. LEXIS 5910 * (Sup. Ct, Monroe County July 7, 2025); CFG Merch. Sols. LLC v. Agla Rest. Corp., 2025 N.Y. Misc. LEXIS 5517 *4 (Sup. Ct, Suffolk County June 13, 2025); CFG Merch. Sols. LLC v. Kant Lose Logistics, 2024 N.Y. Misc. LESIS 338 *5 (Sup. Ct, Monroe County Jan. 24, 2024).

Defendants remaining arguments were considered and determined to not clear the threshold of "mere conclusions expressions of hope or unsubstantiated allegations or assertions." Zuckerman, 49 N.Y.2d at 562.

Finally, by the terms of the Agreement defendants agreed to pay "reasonable attorney's fees, in enforcing any of the terms of this Agreement." Agreement ¶ 19. Thus, plaintiff has demonstrated its entitlement to reasonable attorney's fees.

Therefore, upon due deliberation, it is hereby

**ORDERED** plaintiff's motion for summary judgment is **GRANTED** in its entirety, and it is further

**ORDERED** plaintiff may enter judgment against defendants including the award of $ 383,195.00 (the outstanding balance on the purchased amount of receipts plus a $195.00 contractual FCC fee), plus pre-judgment interest at 9 percent from the date of defendants' breach, November 29, 2024, through the entry of judgment, and it is further

**ORDERED** plaintiff is entitled to reasonable attorney's fees. Plaintiff shall have until August 20, 2025, to file an itemized application for an award of attorneys' fees and a proposed Order or be deemed to have waived its claim for attorney's fees. If an application is made, defendant shall have until September 3, 2025, to file any opposition/response. The Court will then issue an Order.

Dated:  August 6, 2025

Hon. Deborah H. Karalunas, J.S.C.

Papers considered:

1) Notice of motion, dated July 3, 2025
2) Affirmation of Steven W. Wells, Esq., dated July 3, 2025, with Exhibits 1-3.
3) Affirmation of James Elder, authorized representative and custodian of plaintiff's records, dated July 2, 2025, with Exhibits A-D.
4) Plaintiff's Statement of Material Facts.
5) Plaintiff's Memorandum of Law.
6) Affirmation of Constantine Manos dated July 17, 2025.
7) Defendants' Statement of Counter Facts.
8) Defendants' Memorandum of Law.
9) Plaintiff's Reply Memorandum of Law.

**SUPREME COURT**
**STATE OF NEW YORK      MONROE COUNTY**

---

**CFG MERCHANT SOLUTIONS, LLC,**

<table>
<tr><td>Plaintiff,</td><td>**DECISION, ORDER &**</td></tr>
<tr><td>-vs-</td><td>**JUDGMENT**</td></tr>
</table>

**DOGS AND CATS LLC,**                    Index No.: E2025000645
**DBA PINKIES PLAY PLACE,**
**and HEATHER HINKLE,**

Defendants.

---

Upon plaintiff's motion for summary judgment (NYSCEF Doc. Nos. 5-16) (Motion #1); defendants' opposition to Motion #1 (NYSCEF Doc. No. 18); plaintiff's memorandum of law in reply (NYSCEF Doc. No. 20); and the matter having come before the court for oral argument, the following is the decision, order, and judgment of this court.

## DECISION

This action was commenced on January 9, 2025. (NYSCEF Doc. No. 1). Defendants thereafter filed an answer on January 10, 2025. (NYSCEF Doc. No. 4). Plaintiff now moves for summary judgment against defendants in the amount of $22,321.00, plus interest from the date of default, reasonable attorney's fees, costs, and disbursements.

Summary judgment may only be granted where the moving party submits sufficient evidence to establish that they are entitled to judgment as a matter of law. CPLR 3212[b]; *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 NY2d 966, 967 [1988]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]. "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions." CPLR 3212[b]. The moving party on a motion for summary judgment bears the burden of setting forth sufficient evidence to warrant judgment as a matter of law. *Paternostro v. Advance Sanitation, Inc.*, 126 AD3d 1376, 1377 [4th Dept 2015]; *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lamberta v. Long Is. R.R.*, 51 AD2d 730, 730-731 [2d Dept 1976]. Once the movant has met this initial burden, the burden then shifts to the opponent of the motion to establish,

1

by admissible proof, the existence of genuine issues of material fact. *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980].

"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach". *Wedgewood Care Ctr. v. Kravitz*, 198 AD3d 124, 131 [2d Dept 2021] [citations omitted].

In this case, plaintiff has met its *prima facie* entitlement to summary judgment on a breach of contract claim by submitting proof that the parties entered into a Purchase Agreement and personal guaranty, signed by Heather Hinkle on November 4, 2024, on behalf of defendant merchant and as guarantor ("Agreement"). (NYSCEF Doc. No. 7). Pursuant to the terms of the Agreement, plaintiff purchased from defendants 14.83% of defendants' total future receipts up to the sum of $23,680.00 in exchange for an up-front purchase price of $16,000.00. (NYSCEF Doc. No. 7). Under the Agreement, plaintiff was authorized to ACH debit defendants' approved bank account in the amount of the daily payment installment until plaintiff received the full purchased amount. (NYSCEF Doc. No. 7). In support of its motion, plaintiff demonstrated that it transferred the $16,000.00 to defendants, minus applicable fees, in accordance with the Agreement. (NYSCEF Doc. No. 8). In further support of its motion, plaintiff submitted the remittance history for defendants' account, which demonstrated that defendants remitted $4,054.00 of the purchased proceeds. (NYSCEF Doc. Nos. 9 and 10). Plaintiff also submitted an affidavit from James Elder, an Authorized Representative of CFG Merchant Solutions, LLC, who is familiar with the facts and circumstances of the Agreement and plaintiff's business record keeping practices. (NYSCEF Doc. No. 12). CPLR 4518(a); *Unifund CCR Partners v Youngman*, 89 AD3d 1377, 1378 [4th Dept 2011].

Based upon the foregoing, plaintiff sufficiently established through its records that there was an Agreement between the parties, that defendants incurred a debt based upon that Agreement, and that defendants breached the Agreement by failing to make the continuing required payments pursuant to the terms of the Agreement. Therefore, plaintiff demonstrated that a balance in the amount of $19,626.00 is due and owing.[1]

---

[1] During oral argument, plaintiff's counsel withdrew plaintiff's request for a UCC fee of $195.00, default fee of $2,500.00, and attorneys' fees.

2

Defendants' opposition is premised upon the argument that the Agreement constitutes a usurious loan. The provisions of the Agreement in this matter reveal that this transaction was not a loan. Three factors are widely used to assess the true nature of a repayment obligation "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *LG Funding, LLC v. United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]; *Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC*, 219 AD3d 1126, 1128 [4th Dept 2023]. Here, the Agreement contains reconciliation provisions requiring adjustment of the remittance amount upon request based upon changes in the defendants' revenue (NYSCEF Doc. No. 7, Section 7); there is no payment schedule or finite term in which the purchased amount must be collected (NYSCEF Doc. No. 7, Section 6); nor is defendants' filing for bankruptcy an event of default (NYSCEF Doc. No. 7, Section 6). Accordingly, defendants' argument that the Agreement constitutes a usurious loan fails.

Since plaintiff has met its initial burden on a motion for summary judgment and defendants failed to raise a triable issue of material fact, plaintiff is entitled to judgment as a matter of law on its first cause of action for breach of contract against the merchant defendant.

## ORDER and JUDGMENT

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that plaintiff's motion for summary judgment, pursuant to CPLR 3212, is **GRANTED**; and it is further

**ORDERED AND ADJUDGED** that plaintiff is entitled to an award of $19,626.00, with interest at the statutory rate of 9% from December 3, 2024; and it is further

**ORDERED** that plaintiff shall have judgment against and shall recover said amount from defendants, jointly and severally, and that plaintiff shall have execution thereof; and it is further

**ORDERED** that any arguments or prayers for relief not specifically addressed herein are **DENIED**.

Dated: July 28, 2025

HON. KEVIN M. NASCA
Supreme Court Justice

3

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

---

CFG MERCHANT SOLUTIONS, LLC,

*Plaintiff,*

v.

KEN BURNS SANITATION INC and
LORI BURNS,

*Defendants.*

Index. No. ~~E2024008062~~  *E2024016022*

---

APPEARANCES:

*For Plaintiff*:

> LAW OFFICES OF STEVEN ZAKHARYAYEV
> BY:   STEVEN ZAKHARYAYEV, ESQ.
> 10 W. 37th Street, Room 602
> New York, NY 10018
>
> WELLS LAW P.C.
> BY:   STEVEN W. WELLS, ESQ.
>          WILL PARSONS
> 229 Warner Road
> Lancaster, NY 14086

*For Defendants*:

> BELLINDER LAW FIRM
> BY:   THOMAS J. BELLINDER, ESQ.
> 625 N. State St., Suite 101
> Jackson, MS 39202[1]

---

## DECISION AND ORDER

VINCENT M. DINOLFO, J.S.C.

Plaintiff moved for an Order of this Court granting summary judgment pursuant to

---

[1]    Counsel for Defendants' signature block on all submissions and address on file in NYSCEF are addresses in Mississippi.  Actions taken by attorneys who are in violation of Judiciary Law § 470 by not maintaining a physical office in New York are not a nullity (*Arrowhead Capital Finance, Ltd. v Cheyne Specialty Finance Fund L.P.*, 32 NY3d 645, 650 [2019]). However, counsel is advised "[a] party may cure the section 470 violation with the appearance of compliant counsel or an application for admission pro hac vice by appropriate counsel" (*id.* [internal citation omitted]).

    This is not the first case in which this Court has advised Counsel for Defendants that he is in violation of Judiciary Law § 470. Counsel is cautioned that additional violations of Judiciary Law § 470 may result in a referral to the Attorney Grievance Committee for the Fourth Judicial Department.

1

Civil Practice Law and Rules ("CPLR") § 3212. Defendants opposed.

After considering the parties' submissions (pursuant to CPLR § 2219[a], the specific papers considered were NYSCEF items 9-34) and the relevant law, the following constitutes the Decision and Order of the Court on the pending motion.

Initially, Defendants sought a stay of this action pursuant to CPLR § 2201. The Court declines to do so.

Summary judgment is a "drastic remedy" that should not be granted absent the clear appearance "that no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

Practically, to "obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment in his favor' (CPLR § 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals, Inc. v Associated Fur Mfrs., Inc.*, 46 NY2d 1065, 1067 [1979]).

To defeat a motion for summary judgment where a movant has made a *prima facie* case as to their cause of action or defense, an opponent must "show facts sufficient to require a trial of any issue of fact" (CPLR § 3212[b]). Such showings consisting of "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In determining a motion for summary judgment, "a court's task is issue finding rather

2

than issue determination," and "must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact" (*Esposito v Wright*, 28 AD3d 1142, 1143 [4th Dept 2006]).

In the instant motion for summary judgment, Plaintiff seeks judgment in the amount of $30,967.00, which is constituted by the unpaid balance of future receivables, costs, and attorneys' fees. Plaintiff made its *prima facie* case for summary judgment as to the unpaid balance of future receivables.

This action arises out of an agreement between the parties wherein Plaintiff provided Defendant Ken Burns Sanitation Inc. ("Defendant-Seller") $20,000 (less fees) in exchange for $29,780 of Defendant-Seller's future accounts receivable. Defendant Ken Burns Sanitation Inc. was to remit a fixed weekly payment of $1,027.00, representing 10.27% of its receivables, subject to reconciliation. The agreement also included a personal guaranty executed by Defendant Lori Burns.

The agreement was executed on September 21, 2023, and Plaintiff deposited $20,000.00 (less fees) into Defendant-Seller's bank account. Remittances continued until October 27, 2023, when Plaintiff was unsuccessful in drawing the scheduled remittance. Defendant Lori Burns then failed to perform Defendant-Seller's obligations. At that time, the outstanding balance due to Plaintiff under the agreement was $25,672.00, representing the remaining portion of the purchased receivables not collected.

Defendants alleged Plaintiff's documentary evidence submitted in support of the instant motion is not admissible because it does not comport with CPLR § 4518(a), but does not do so specifically. Defendants repeatedly cite to a "witness affidavit", but do not cite the NYSCEF document nor the identity of the witness (NYSCEF document 23, page 21-23). Even

3

had Defendants done so, CPLR § 4518(a) requires a "judge find[] that [a document] was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter." Contrary to Defendants' allegation, the affidavit of Laura Cinnella (NYSCEF document 14) accomplishes just this. As discussed, *supra*, this affidavit together with the other papers supporting Plaintiff's motion make a *prima facie* case for summary judgment.

Defendants have not "shown facts sufficient to require a trial of any issue of fact" (CPLR § 3212[b]), even when their pleadings are considered in a light most favorable to them. The agreement between the parties was not a loan under the three pronged analysis set for in *Samson MCA LLC v Joseph A. Russo M.D. P.C./IV Therapeutics PLLC*, 201 AD3d 1126, 1128 (4th Dept 2023) (internal citations omitted). Other arguments advanced by Defendants do not clear the threshold of "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" (*Zuckerman*, 49 NY2d at 562).

Plaintiff additionally sought a default fee of $2,500.00, a NSF fee of $100.00, a UCC filing fee of $195.00, and a stop payment fee of $2,500.00. Fees act as a "contractual provision fixing damages in the event of breach" and "will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Center, Inc. v Puritan Farms 2nd, Inc.*, 41 NY2d 420, 425 [1977]). When

> the amount of actual damages that would be suffered upon a breach is readily ascertainable when the contract is entered, or the amount fixed as liquidated damages is conspicuously disproportionate to the foreseeable losses, the liquidated damages provision is unenforcable as a penalty [. . .]. Where, however, a liquidated damages provision is found to be an unenforceable penalty, the recovery is limited to actual damages proven

(*Central Irrigation Supply v Putnam Country Club Associates, LLC*, 57 AD3d 934, 935 [2d

4

INDEX NO. E2024016022

Case 25-10055-ELG   Document 15-17   Filed 08/12/26   Page 26 of 62

RECEIVED NYSCEF: 10/07/2025

Dept 2008] [internal citations omitted]).

These fees, other than the UCC filing fee, are unenforceable penalties. Damages upon breach is the remaining balance due on the agreement, $25,672.00 plus $150.00. Judgment is thus appropriate in the amount of $25,822.00.

Consistent with the foregoing, it is hereby

ORDERED Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Dated this 1st day of July, 2025, at Rochester, New York.

_____

**HONORABLE VINCENT M. DINOLFO**
**JUSTICE OF THE SUPREME COURT**

5

Short Form Order                                    Index No. 622157/2024

SUPREME COURT – STATE OF NEW YORK
PART 55 – SUFFOLK COUNTY

**P R E S E N T:**
    <u>**Hon. George Nolan**</u>
    Justice Supreme Court

-------------------------------------------------------------------x
CFG MERCHANT SOLUTIONS, LLC,

                  Plaintiff,

    -against-

AGLA RESTAURANT CORP.,
TJL RESTAURANT CORP,
YOGURT & SUCH CAFES INC, and
ALFONSO SPENNATO,

                  Defendants.
-------------------------------------------------------------------x

Mot. Seq. No. 001 MG – casedisp
Orig. Return Date: 03/20/2025
Mot. Submit Date: 04/24/2025

**PLAINTIFF'S ATTORNEY**
WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086

**DEFENDANTS' ATTORNEY**
LEBEDIN KOFMAN, LLP
600 Old Country Road, Ste. 205
Garden City, New York 11530

Upon the e-filed documents numbered 10 through 22, 24 through 26 and upon due deliberation and consideration by the Court of the foregoing papers, it is hereby

**ORDERED** that plaintiff's motion for an order granting it summary judgment pursuant to CPLR 3212 is granted.

Plaintiff CFG Merchant Solutions, LLC ("CFG") commenced this action for breach of contract by filing a summons and complaint on September 5, 2024. Defendants Agla Restaurant Corp., TJL Restaurant Corp, Yogurt & Such Cafes Inc, and Alfonso Spennato filed an answer with affirmative defenses on September 27, 2024. In its complaint, plaintiff alleges that on or about May 17, 2024, the parties entered into a Purchase Agreement ("Agreement") whereby plaintiff agreed to purchase 5.25% of defendants' future accounts receivables up to the sum of $72,500.00 in exchange for an upfront purchase price of $50,000. Under the Agreement, defendants were to remit approximately $580.00 each business day or $2,900.00 each 5-day week representing a good faith approximation of the 5.25% purchased percentage. The plaintiff alleges that the amount owed to it by the defendants under the agreement was personally guaranteed by defendant Alfonso Spennato. According to the complaint, the defendants breached the agreement on June 13, 2024, and owe $73,275.00 plus interest, costs, disbursements and attorney's fees.

This Court recognizes that summary judgment is a drastic remedy and as such should only be granted in limited circumstances and where there are no triable issues of fact (*Andre v. Pomeroy*, 35 NY2d 361, 362 NYS2d 131 [1974]). Summary judgment should only be granted

1

where the court finds as a matter of law that there is no genuine issue as to any material fact (*Cauthers v. Brite Ideas, LLC*, 41 AD3d 755, 837 NYS2d 594 [2d Dept 2007]). The evidence must be viewed in the light most favorable to the non-moving parties (*Makaj v. Metropolitan Transportation Authority*, 18 AD3d 625, 796 NYS2d 621 [2d Dept 2005]).

In support of its motion, plaintiff submits the affirmation of Laura Cinella, an authorized representative of CFG. Cinella states that the plaintiff and the defendants entered into the Agreement pursuant to which the defendants agreed to pay CFG $72,500.00 of their future receivables in exchange for $50,000. Cinella states that defendants remitted only $2,900 of receivables leaving a balance of $69,600. Based on Cinella's affidavit and the documents relied upon therein, the plaintiff has demonstrated its *prima facie* entitlement of summary judgment by establishing the parties entered into the agreement and defendants breached the agreement. Further, the plaintiff also established *prima facie* entitlement to summary judgment with respect to dismissal of the defendants' affirmative defenses.

In opposition, defendants fail to raise a material issue of fact requiring a trial (*Kershaw v. Hospital of Special surgery*, 114 AD3d 75, 978 NYS2d 13 [1st Dept 2013]). Defendants' claim that the documents attached to Cinella's affidavit are not properly authenticated is not only unfounded but also irrelevant as defendants do not actually contest the facts asserted therein. Moreover, Cinella's affirmation properly meets the requirements to admit a business record as evidence pursuant to CPLR 4518.

Defendants' allegation of usury is equally insufficient as the defense of usury "must be established by clear evidence as to all the elements essential thereto" (*Giventer v. Arnow*, 37 NY2d 305, 372 NYS2d 63 [1975]). Usury only applies to a "loan or forbearance of any money, goods or things in action" (General Obligations Law § 5-501; *Donatelli v. Siskind*, 170 AD2d 433, 565 NYS2d 224 [2d Dept 1991]). "It must appear that the real purpose of the transaction was, on the one side, to lend money as usurious interest reserved in some form by the contract and, on the other side, to borrow upon the usurious terms dictated by the lender" (*Donatelli*, 170 AD2d at 434).

In the case of the Agreement herein, there are three factors to consider in determining whether the transaction should be considered a loan or a sale of receivables: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664, 122 NYS3d 309 [2d Dept 2020]). These factors are not dispositive, since ultimately if the advanced sum is repayable absolutely then the agreement is a loan (*id.*, at 666). In addition, courts may consider factors such as a discretionary reconciliation provision, default provisions entitling the lender to immediate repayment, and collection on the personal guaranty in the event of default or bankruptcy finding in determining whether such agreements "were loans subject to usury laws" (*Davis v Richmond Capital Group, LLC*, 194 AD3d 516, 150 NYS3d 2 [1st Dept 2021]).

2

Applying the principals outlined above, the court finds that the Agreement lacks a finite term, contains a reconciliation provision and does not provide that defendants' filing for bankruptcy protection is a default under the Agreement. Accordingly, defendants cannot show that the Agreement is a usurious loan (*Prinicpis Capital, LLC v. I Do, Inc., et al*, 201 AD3d 752, 160 NYS3d 325 [2d Dept 2022]). Accordingly, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is granted; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $73,275.00, with interest thereon at the statutory rate from June 13, 2024, through entry of judgment as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that plaintiff is entitled to its reasonable attorneys' fees pursuant to the contract documents, and the issue of the amount of such fees is severed and set down for a further hearing before the undersigned; and it is further

**ORDERED** that a fee hearing shall be held before the undersigned, on August 14, 2025, at 11:00 AM; and it is further

**ORDERED** that plaintiff shall submit the documentation it intends to proffer in support of its fee application to defendants and the court on or before July 14, 2025.

The foregoing constitutes the decision and Order of the Court.

ENTER

DATE:   June 13, 2025
        Riverhead, NY

HON. GEORGE NOLAN, J.S.C.

___ FINAL DISPOSITION          _X_ NON-FINAL DISPOSITION

3

**SUPREME COURT**
**STATE OF NEW YORK        MONROE COUNTY**

---

**CFG MERCHANT SOLUTIONS, LLC,**

                                   Plaintiff,

        -vs-

**BAKER CONSTRUCTION AND CONTRACTING LLC**
**D/B/A BAKER CONSTRUCTION AND CONTRACTING,**
**and SHAWNATHON GARY BAKER,**

                                   Defendants.

**DECISION, ORDER &**
**JUDGMENT**

Index No.: E2024013034

---

Upon plaintiff's motion for summary judgment (NYSCEF Doc. Nos. 9-20) (Motion #1); defendants' opposition to Motion #1 (NYSCEF Doc. Nos. 23-25); plaintiff's memorandum of law in reply (NYSCEF Doc. No. 27); and the matter having come before the court for oral argument, the following is the decision, order, and judgment of this court.

## DECISION

This action was commenced on August 1, 2024. (NYSCEF Doc. No. 1). Defendants thereafter filed an answer on August 29, 2024. (NYSCEF Doc. No. 4). Plaintiff now moves for summary judgment against defendants in the amount of $28,036.20, plus reasonable attorney's fees, interest from the date of default, costs, and disbursements.

Summary judgment may only be granted where the moving party submits sufficient evidence to establish that they are entitled to judgment as a matter of law. CPLR 3212[b]; *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 NY2d 966, 967 [1988]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]. "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions." CPLR 3212[b]. The moving party on a motion for summary judgment bears the burden of setting forth sufficient evidence to warrant judgment as a matter of law. *Paternostro v. Advance Sanitation, Inc.*, 126 AD3d 1376, 1377 [4th Dept 2015]; *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lamberta v. Long Is. R.R.*, 51 AD2d 730, 730-731 [2d Dept 1976]. Once the movant has met this initial burden, the burden then shifts to the opponent of the motion to establish,

1

by admissible proof, the existence of genuine issues of material fact. *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980].

"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach". *Wedgewood Care Ctr. v. Kravitz*, 198 AD3d 124, 131 [2d Dept 2021] [citations omitted].

In this case, plaintiff has met its *prima facie* entitlement to summary judgment on a breach of contract claim by submitting proof that the parties entered into a Purchase Agreement and personal guaranty, signed by Shawna Thon Gary Baker on June 10, 2024, on behalf of defendant merchant and as guarantor ("Agreement"). (NYSCEF Doc. No. 11). Pursuant to the terms of the Agreement, plaintiff purchased from defendants 14.29% of defendants' total future receipts up to the sum of $29,780.00 in exchange for an up-front purchase price of $20,000.00. (NYSCEF Doc. No. 11). Under the Agreement, plaintiff was authorized to ACH debit defendants' approved bank account in the amount of the daily payment installment until plaintiff received the full purchased amount. (NYSCEF Doc. No. 11). In support of its motion, plaintiff demonstrated that it transferred the $20,000.00 to defendants, minus applicable fees and payoff of a prior balance, in accordance with the Agreement. (NYSCEF Doc. No. 12). In further support of its motion, plaintiff submitted the remittance history for defendants' account, which demonstrated that defendants remitted $4,438.80 of the purchased proceeds. (NYSCEF Doc. Nos. 13 and 14). Plaintiff also submitted an affidavit from Laura Cinnella, an Authorized Representative of CFG Merchant Solutions, LLC, who is familiar with the facts and circumstances of the Agreement and plaintiff's business record keeping practices. (NYSCEF Doc. No. 12). CPLR 4518(a); *Unifund CCR Partners v Youngman*, 89 AD3d 1377, 1378 [4th Dept 2011].

Based upon the foregoing, plaintiff sufficiently established through its records that there was an Agreement between the parties, that defendants incurred a debt based upon that Agreement, and that defendants breached the Agreement by failing to make the continuing required payments pursuant to the terms of the Agreement. Therefore, plaintiff demonstrated that a balance in the amount of $25,341.20 is due and owing.[1] To the extent plaintiff seeks reasonable attorney's fees, such request is insufficient. Plaintiff's submissions fail to provide for this court's consideration the

---

[1] During oral argument, plaintiff's counsel waived plaintiff's request for a UCC fee of $195.00 and default fee of $2,500.00.

2

time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount [of money] involved, the customary fee charged for such services, and the results obtained". *East Aurora Coop. Mkt., Inc. v. Red Brick Plaza LLC*, 197 AD3d 874, 877 [4th Dept 2021], quoting *Matter of Dessauer*, 96 AD3d 1560, 1561 [4th Dept 2012]. Accordingly, plaintiff's request for reasonable attorney's fees is denied.

Defendants' opposition is premised upon the argument that the Agreement constitutes a usurious loan. The provisions of the Agreement in this matter reveal that this transaction was not a loan. Three factors are widely used to assess the true nature of a repayment obligation "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *LG Funding, LLC v. United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]; *Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC*, 219 AD3d 1126, 1128 [4th Dept 2023]. Here, the Agreement contains reconciliation provisions requiring adjustment of the remittance amount upon request based upon changes in the defendants' revenue (NYSCEF Doc. No. 11, Section 7); there is no payment schedule or finite term in which the purchased amount must be collected (NYSCEF Doc. No. 11, Section 6); nor is defendants' filing for bankruptcy an event of default (NYSCEF Doc. No. 11, Section 6). Accordingly, defendants' argument that the Agreement constitutes a usurious loan fails.

Additionally, contrary to counsel's argument, uploading the motion to NYSCEF is deemed service upon counsel who has already consented into NYSCEF and no affidavit of service is required. 22 NYCRR 202.5-b(b)(2)(i) and 22 NYCRR 202.5-b(d)(1)(i).

Since plaintiff has met its initial burden on a motion for summary judgment and defendants failed to raise a triable issue of material fact, plaintiff is entitled to judgment as a matter of law on its first cause of action for breach of contract against the merchant defendant.

**ORDER and JUDGMENT**

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that plaintiff's motion for summary judgment, pursuant to CPLR 3212, is **GRANTED in part**; and it is further

3

**ORDERED AND ADJUDGED** that plaintiff is entitled to an award of $25,341.20, with interest at the statutory rate of 9% from July 10, 2024; and it is further

**ORDERED** that plaintiff shall have judgment against and shall recover said amount from defendants, jointly and severally, and that plaintiff shall have execution thereof; and it is further

**ORDERED** that plaintiff's request for attorney's fees is **DENIED**; and it is further

**ORDERED** that any arguments or prayers for relief not specifically addressed herein are **DENIED**.

Dated: _May 22, 2025_

_____
**HON. KEVIN M. NASCA**
**Supreme Court Justice**

4

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 4161807

Book   Page   CIVIL

No. Pages:  6

Return To:
Lori P. Allen
519 Hall of Justice
Rochester, NY 14614

Instrument: MISCELLANEOUS DOCUMENT

Control #:        202501071093
Index #:          E2024008062

Date: 01/07/2025

CFG Merchant Solutions LLC

Time: 12:55:39 PM

Joseph K Carver
Burnettes Pools
Carver, Joseph

Total Fees Paid:                          $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

**SUPREME COURT**
**STATE OF NEW YORK        MONROE COUNTY**

---

**CFG MERCHANT SOLUTIONS, LLC,**

                              Plaintiff,

        -vs-

**JOSEPH K. CARVER DBA BURNETTE'S POOLS, and**
**JOSEPH CARVER,**

                              Defendants.

---

**DECISION, ORDER &**
**JUDGMENT**

Index No.: E2024008062

Upon plaintiff's motion for summary judgment (NYSCEF Doc. Nos. 11-22) (Motion #1); defendants' opposition (NYSCEF Doc. Nos. 25-27); plaintiff's memorandum of law in reply (NYSCEF Doc. No. 28); and the matter having come before the court for oral argument, the following is the decision, order, and judgment of this court.

### DECISION

This action was commenced on May 13, 2024. (NYSCEF Doc. No. 1). Defendants thereafter filed an answer on May 22, 2024. (NYSCEF Doc. No. 4). Plaintiff now moves for summary judgment against defendants in the amount of $60,675.00, with interest thereon from May 7, 2024, as well as attorney's fees, costs, and disbursements.

Summary judgment may only be granted where the moving party submits sufficient evidence to establish that they are entitled to judgment as a matter of law. CPLR 3212[b]; *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 NY2d 966, 967 [1988]; *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]. "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions." CPLR 3212[b]. The moving party on a motion for summary judgment bears the burden of setting forth sufficient evidence to warrant judgment as a matter of law. *Paternostro v. Advance Sanitation, Inc.*, 126 AD3d 1376, 1377 [4th Dept 2015]; *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lamberta v. Long Is. R.R.*, 51 AD2d 730, 730-731 [2d Dept 1976]. Once the movant has met this initial burden, the burden then shifts to the opponent of the motion to establish,

1

by admissible proof, the existence of genuine issues of material fact. *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980].

"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach". *Wedgewood Care Ctr. v. Kravitz*, 198 AD3d 124, 131 [2d Dept 2021] [citations omitted].

In this case, plaintiff has met its *prima facie* entitlement to summary judgment on a breach of contract claim by submitting proof that the parties entered into a standard merchant cash advance agreement and personal guaranty, signed by Joseph Carver on April 23, 2024, on behalf of defendant merchant and as guarantor ("Agreement"). (NYSCEF Doc. No. 13). Pursuant to the terms of the Agreement, plaintiff purchased from defendants 14.93% of defendants' total future accounts receivable up to the sum of $57,600.00 in exchange for an up-front purchase price of $40,000.00. (NYSCEF Doc. No. 13). Under the Agreement, plaintiff was authorized to ACH debit defendants' approved bank account in the amount of the weekly payment installment until plaintiff received the full purchased amount. (NYSCEF Doc. No. 13). In support of its motion, plaintiff demonstrated that it transferred the $40,000.00, minus applicable fees, to defendants, in accordance with the Agreement. (NYSCEF Doc. No. 14). In further support of its motion, plaintiff submitted the remittance history for defendants' account, which demonstrated that defendants remitted $0.00 of the purchased proceeds. (NYSCEF Doc. Nos. 15 and 16). Plaintiff also submitted an affidavit from James Elder, an authorized representative of CFG Merchant Solutions, LLC who is familiar with the facts and circumstances of the Agreement and plaintiff's business record keeping practices. (NYSCEF Doc. No. 17). CPLR 4518(a); *Unifund CCR Partners v Youngman*, 89 AD3d 1377, 1378 [4th Dept 2011].

Based upon the foregoing, plaintiff sufficiently established through its records that there was an Agreement between the parties, that defendants incurred a debt based upon that Agreement, and that defendants breached the Agreement by failing to make the continuing required payments pursuant to the terms of the Agreement. Therefore, plaintiff demonstrated that a balance in the amount of $57,600.00 is due and owing, in addition to a UCC fee of $195.00, and a breach of contract fee in the amount of $2,880.00.[1]

---

[1] During oral argument, plaintiff waived its claim for attorneys' fees.

2

Defendants' opposition is premised upon the argument that the Agreement constitutes a usurious loan.[2] The provisions of the Agreement in this matter reveal that this transaction was not a loan. Three factors are widely used to assess the true nature of a repayment obligation "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *LG Funding, LLC v. United Senior Properties of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]; *Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC*, 219 AD3d 1126, 1128 [4th Dept 2023]. Here, the Agreement contains reconciliation provisions requiring adjustment of the remittance amount upon request based upon changes in the defendants' revenue (NYSCEF Doc. No. 13, Section 7); there is no payment schedule or finite term in which the purchased amount must be collected (NYSCEF Doc. No. 13, Section 6); nor is defendants' filing for bankruptcy an event of default (NYSCEF Doc. No. 13, Section 9). Accordingly, defendants' arguments regarding illegality and that the Agreement constitutes a usurious loan fail.

Defendants' argument of lack of consideration also fails. In this matter, plaintiff sufficiently demonstrated that it transferred the $40,000.00, minus applicable fees, to defendants on April 24, 2024, pursuant to the terms of the Agreement. (NYSCEF Doc. No. 14). To the extent defendants assert that the periodic draw was not based upon the actual creation of receivables, defendants failed to submit documentary evidence in admissible form sufficient to create a triable issue of material fact.

To the extent defendants further argue unfair and deceptive practices, not only is the transaction not a loan as discussed above, but defendants are also presumed to know the contents of the Agreement and assented to them in executing the contract. *Nerey v. Greenpoint Mortg. Funding, Inc.*, 144 AD3d 646, 648 [2d Dept 2016]; *Karsanow v. Kuehlewein*, 232 AD2d 458, 459 [2d Dept. 1996]. Defendants bore any risk of failing to review the Agreement prior to signing it. *Dille v. Zoelle LLC*, 220 AD3d 409, 410 [1st Dept 2023]; *Sofio v. Hughes*, 162 AD2d 518, 519 [2d Dept 1990]. Moreover, defendants fail to substantiate their claims premised upon deception

---

[2] To the extent defendants seek a stay of this action pending a decision in the action *People by James v. Yellowstone Capital LLC, et al.*, Index No. 450750/2024, arguing that there are overlapping issues and common questions of law and fact which may dispose of or limit issues involved in this matter, such request is denied. Defendants failed to file a cross-motion seeking such affirmative relief.

3

and misrepresentation. Nor do defendants allege that they were denied an opportunity to negotiate or make an informed choice in entering into the Agreement.

Lastly, defendants oppose the default fee and attorneys' fees sought by plaintiff. The Agreement provides for a breach of contract fee in the greater of an amount equal to five (5%) of the undelivered amount sold at the time of the breach or $2,500.00. The Agreement also provides for reasonable attorney's fees.[3]

"A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 NY2d 420, 425 [1977]. On the other hand, where "the amount of actual damages that would be suffered upon a breach is readily ascertainable when the contract is entered, or the amount fixed as liquidated damages is conspicuously disproportionate to the foreseeable losses, the liquidated damages provision is unenforceable as a penalty." *Cent. Irr. Supply v. Putnam Country Club Assocs., LLC*, 57 AD3d 934 935 [2d Dept 2008]; *JP Morgan Sec. Inc. v. Vigilant Ins. Co.*, 37 NY3d 552, 563 [2021]. "Whether a contractual provision 'represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances.'" *RES Exhibit Servs. LLC v. Genesis Vision, Inc.*, 155 AD3d 1515, 1520 [4h Dept 2017].

Under the circumstances of this case, the breach of contract fee is reasonable and customary, and not an unenforceable penalty. The parties were sophisticated business entities, the terms of the agreement were negotiated, and the seller's obligations upon default were spelled out in detail in the Agreement, providing the amount of damages owed, which under the facts of this case is not conspicuously disproportionate to the plaintiff's foreseeable losses.

Since plaintiff has met its initial burden on a motion for summary judgment and defendants have failed to raise a triable issue of material fact in opposition, plaintiff is entitled to judgment as a matter of law.

---

[3] During oral argument plaintiff withdrew its request for attorney's fees.

4

## ORDER and JUDGMENT

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that plaintiff's motion for summary judgment, pursuant to CPLR 3212, is **GRANTED**; and it is further

**ORDERED AND ADJUDGED** that plaintiff is entitled to an award of $60,675.00, with interest at the statutory rate of 9% from May 7, 2024; and it is further

**ORDERED** that plaintiff shall have judgment against and shall recover said amount from defendants, jointly and severally, and that plaintiff shall have execution thereof; and it is further

**ORDERED** that any arguments or prayers for relief not specifically addressed herein are **DENIED**.

Dated: January 6, 2025

**HON. KEVIN M. NASCA**
**Supreme Court Justice**

5

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3718868

Book    Page    CIVIL

Return To:
Jennifer Palmesano
99 Exchange Blvd
Rochester, NY 14614

No. Pages:  11

Instrument: AMENDED ORDER

Control #:        202401260259
Index #:          E2023009071

Date: 01/26/2024

CFG Merchant Solutions LLC

Time: 10:38:01 AM

Kant Lose Logistics LLC
Kant Lose Logistics
Barnes, Adrian
Little, Lamorris

Total Fees Paid:                            $0.00

Employee: CW

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

_____

CFG MERCHANT SOLUTIONS LLC,

                Plaintiff,

    v

KANT LOSE LOGISTICS DBA KANT LOSE
LOGISTICS AND ADRIAN BARNES AND
LAMORRIS LITTLE,

                Defendants.

_____

**AMENDED
DECISION & ORDER**

Index No.: E2023009071

**Elena F. Cariola, J.**

In this action for breach of a contract and guaranty with respect to the sale of future

accounts receivable, there are three separate motions before this Court:

- Defendants move this Court, pursuant to CPLR §§ 503 and 511, seeking an

  order from this Court changing the venue from Monroe County to Kings or

  New York County.  Additionally, Defendants seek an order pursuant to CPLR

  § 2004 extending all discovery deadlines.  Plaintiff opposes.

- Plaintiff moves this Court, without opposition from Defendants, for an order,

  pursuant to CPLR § 3211 (a) (1) and (7) dismissing Defendants' counterclaims.

- Plaintiff filed a motion pursuant to CPLR § 3212 for summary judgment,

  striking the answer, and an award of damages in the amount of $81,511.15,

1

which amount is comprised of the outstanding balance of $74,963.00, three NSF fees at $35.00 each for a total of $105.00, a UCC fee of $195.00, a Blocked Account Fee of $2,5000.00, a Default Fee of $3,748.15 and attorney's fees. Defendants oppose, alleging that the existence of a material issue of fact precludes summary judgment.

Now, upon due consideration of NYSCEF Docket Nos. 15-21, 23-38, 40-43, the following constitutes the decision and order of the Court.

*Venue*

In support of their application, Defendants argue that the forum selection clause contained within the contract at the crux of the instant dispute should be disregarded inasmuch as it is unreasonable and unjust. Defendants' position is based largely upon the physical location of the parties and counsel, and further the absence of connectivity with Monroe County. The Court disagrees.

"The very point of forum selection clauses which render the designated forum convenient as a matter of law, is to avoid litigation over personal jurisdiction" (*Sterling National Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222 [1st Dept 2006]). To that end, "[i]t is well-accepted policy that forum-selection clauses are prima facie valid" (*Br. W. Indies Guar. Tr. Co., Ltd. v Banque Internationale a Luxembourg*, 172 AD2d 234 [1st Dept 1991]).

2

In the matter at bar, both the Plaintiff and Defendants agreed to submit themselves in any forum within the State of New York as provided in the Merchant Agreement. Contrary to Defendants' contention, they have failed to advance any grounds upon which this Court might disregard the forum designation contained in the Merchant Agreement. The forum selection clause itself is unambiguous, and there is no allegation of fraud or overreach, and no proffer that Defendants would be deprived of their day in court were the matter to proceed in the State of New York (*see generally Sterling*, 35 AD3d 222).

*Counterclaims*

On a motion made pursuant to CPLR § 3211, the Court must "accept the facts as alleged in the [] [pleadings] as true, accord [] [the parties] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]).  On a motion to dismiss for failure to state a cause of action, the court "merely examines the adequacy of the pleadings" (*Davis v Boeheim*, 24 NY3d 262, 268 [2014] [citations and quotations omitted]).  "The [] [moving party's] ultimate ability to prove those allegations is not relevant" (*Nouveau El. Indus., Inc. v Glendale Condominium Town and Tower Corp.*, 107 AD3d 965, 966 [2d Dept 2013] [citations and quotations omitted]); rather, the "sole consideration" ... is whether the complaint [or answer] sufficiently states a cause of action" (*African Diaspora Mar. Corp. v Golden Gate Yacht Club*, 109 AD3d 204, 206 [1st Dept 2013]).  Relatedly, on a motion made pursuant to CPLR § 3211 (a) (1), a pleading may be

3

dismissed "on the ground that...a defense [thereto] is founded upon documentary evidence" (CPLR. § 3211 [a] [1]).  To succeed on such a motion, "the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." *Teitler v Max J. Pollack & Sons,* 733 N.Y.S.2d 122, 122–23 [2d Dept 2001]).

Assuming arguendo Defendants' counterclaims comport with the statutory pleading particularity requirements (*see generally* CPLR §§ 3013, 3016, 3018]; *see also  IDC (Queens) Corp. v Illuminating Experiences, Inc.,* 220 AD2d 337 [1st Dept 1995]), they nevertheless must be stricken.  To be certain, Defendants' counterclaims, although identified as fraud, intentional and negligent misrepresentation, unjust enrichment, monies had and received, breach of good faith and fair dealing and breach of fiduciary duty, they sound in criminal and civil usury, the Court, alternatively, finds them invalid as a matter of law.  To be certain, resolution of this issue depends upon whether the contract was a loan agreement, or a merchant funding agreement.

> To determine whether a transaction constitutes a usurious loan: "The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Props. of Olathe, LLC,* 181 AD3d at 665-666 [citations and internal quotation marks omitted]).

(*Principis Cap., LLC v. I Do, Inc.,* 201 AD3d 752, 754 [2nd Dept. 2022].)

4

Here, the Merchant Agreement (documentary evidence proffered by Plaintiff) between Plaintiff and Defendants contained a mandatory right of reconciliation. Additionally, the Agreement did not have a finite term.  Finally, the Agreement did not make Defendants' filing for bankruptcy an event of default, therefore limiting Plaintiff's recourse in the event of bankruptcy.  Thus, the Agreement was not a loan contract, and it is not subject to the usury laws.  (*See generally Principis Cap., LLC v. I Do, Inc.*, 201 A.D.3d 752 [2nd Dept. 2022].)

Additionally, Defendants have failed to identify what, if any, misrepresentations were made (or omitted) so as to substantiate their claims for the causes of action for fraudulent and negligent misrepresentaion.  For all of the foregoing reasons, Plaintiff's motion is granted, and all of Defendants counterclaims are dismissed.

### Summary Judgment

A party seeking summary judgment pursuant to CPLR § 3212 must make a *prima facie* showing of entitlement to judgment as a matter of law and submit sufficient evidence to demonstrate the absence of any material issue of fact (*Iselin & Co. Inc v Mann Judd Landau*, 71 NY2d 420 [1988]).  The Court must view the evidence presented in the light most favorable to the nonmoving party (*Russo v YMCA of Greater Buffalo*, 12 AD3d 1089 [4th Dept 2004]).  When faced with a motion for summary judgment, "a court's task is issue finding rather than issue determination," and thus the Court "must view the evidence in the light most favorable to the party opposing the motion, giving that party

5

the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact" (*Esposito v Wright*, 28 AD3d 1142, 1143 [4th Dept 2006]). Likewise, a moving defendant must affirmatively demonstrate the merits of its defense and cannot meet its burden in moving for summary judgment by pointing to gaps in plaintiff's proof (*George Larkin Trucking Co. v Lisbon Tire Mart, Inc.*, 185 A.D.2d 614 [4th Dept 1992]). If the proponent demonstrates entitlement to summary judgment, the opposing party must then demonstrate, generally by admissible evidence, the existence of an issue of fact requiring a trial (*Zuckerman v City of New York*, 49 NY2d 851 [1985]).

"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to that contract, (3) the defendant's breach of the contract, and (4) damages resulting from that breach" *(Wedgewood Care Ctr., Inc. v Kravitz*, 198 AD3d 124, 131 [2d Dept 2021] [citations omitted]). Likewise, with respect to the guaranty, Plaintiff must prove "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 492 [2015]).

In this case, contrary to Defendants' contention, Plaintiff has met its prima facie entitlement to summary judgment on a breach of contract claim by submitting proof of a receivable purchase agreement and personal guaranty from May 2, 2023, wherein Defendants sold $96,785.00 of its business sales receivables to Plaintiff, to be paid to

6

Plaintiff from a percentage of the Defendants' daily revenue, for an upfront sum of $65,000.00 from Plaintiff ("Agreement"). Pursuant to the Agreement, Defendants were to deposit all of its receipts into an approved deposit account. The purchased amount was to be remitted to Plaintiff via daily ACH debits which was subject to reconciliation in order to reflect the specified percentage of the actual daily receipts. On May 2, 2023, Plaintiff funded the upfront purchase price by satisfying Defendants' existing balance of $18,308.00 from the parties' November 18, 2022 merchant agreement, and wiring the remaining $44,693.00 to Defendants.

Plaintiff submitted a remittance history and records reflecting that by August 8, 2023, Defendants remitted $21,822.00 to Plaintiff, leaving a balance of $74,963.00. Defendants also incurred three NSF fees at $35.00 each for a total of $105.00, a UCC fee of $195.00, a Blocked Account Fee of $2,5000.00, a Default Fee of $3,748.15. Further, Plaintiff submitted an affidavit from James Elder, the manager of collections at CFG Merchant Solutions, LLC (Plaintiff), who is familiar with the facts and circumstances of the Agreement and approved deposit accounts, and Plaintiff's books, records and business record keeping practices (*see Unifund CCR Partners v Youngman*, 89 AD3d 1377 [4th Dept 2011]). Based upon the foregoing, Plaintiff has established through its records that there was a purchase agreement, that Defendants incurred a debt based upon that agreement, and breached the agreement by failing to make the continuing required deposits into the

7

specified account (*see generally Pirs Capital, LLC v D & M Truck, Tire & Trailer Repair Inc.*, 69 Misc 3d 457 [Sup Ct, New York County 2020]).

Furthermore, Plaintiff has established the validity of the guaranty ("Guaranty"). The Guaranty signed by Defendants Adrian Barnes and Lamorris Little contained a provision that essentially guarantees the Merchant's performance and obligations under the Agreement.  As the Guaranty was unconditional and they provided for liability, the Plaintiff properly brought suit against him (*see DCFS USA, LLC v Metro Const. Equities*, 122 AD3d 565 [2d Dept 2014]).

Since Plaintiff has met its initial burden on a motion for summary judgment and Defendants have failed to raise a triable issue of fact in opposition, Plaintiff is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

To the extent Defendants assert a usury defense, the Court disagrees.  Resolution of this issue depends upon whether the contract was a loan agreement, or a merchant funding agreement.

> To determine whether a transaction constitutes a usurious loan: "The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d at 665-666 [citations and internal quotation marks omitted]).

(*Principis Cap., LLC v. I Do, Inc.*, 201 AD3d 752, 754 [2nd Dept. 2022].)

8

Here, the Agreement between Plaintiff and Defendants contained a mandatory right of reconciliation. Additionally, the Agreement did not have a finite term. Finally, the Agreement did not make Defendants' filing for bankruptcy an event of default, therefore limiting Plaintiff's recourse in the event of bankruptcy. Thus, the Agreement was not a loan contract, and it is not subject to the usury laws. (*See generally Principis Cap., LLC v. I Do, Inc.*, 201 A.D.3d 752 [2nd Dept. 2022].)

Accordingly, it is hereby

Based upon the foregoing, it is hereby

**ORDERED** that Defendants' motion seeking a transfer of venue is **DENIED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion seeking dismissal of Defendants' counterclaims is **GRANTED**; and it is further

**ORDERED** that Defendants' counterclaims are dismissed; and it is further

**ORDERED and ADJUDGED** that Plaintiff's motion for summary judgment pursuant to CPLR § 3212 is **GRANTED** in its entirety, including the award of $81,511.15 (which amount is comprised of the outstanding balance of $74,963.00, three NSF fees at $35.00 each for a total of $105.00, a UCC fee of $195.00, a Blocked Account Fee of

9

$2,5000.00, a Default Fee of $3,748.15) plus pre-judgment interest at 9 percent from the date of the Defendants' breach, August 8, 2023, through the entry of judgment; and it is further

**ORDERED** that Plaintiff may enter a judgment against Defendants, jointly and severally, in the amount of $81,511.15, plus pre-judgment interest at 9 percent from the date of the Defendants' breach, August 8, 2023, through the entry of judgment and such other, further, and different relief as may be just and proper.

Any prayers for relief not specifically addressed herein are DENIED.

The above constituted the Decision and Order of the Court.

Dated: _January 24_, 2024     _[signature]_ _____

HON. ELENA F. CARIOLA
Supreme Court Justice

10

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. LOUIS L. NOCK** | **PART** 38M |
| | *Justice* | |

---------------------------------------------------------------------------------X

CFG MERCHANT SOLUTIONS, LLC,

                          Plaintiff,

               - v -

TRUE PWR LLC and JONATHAN BOLLES,

                      Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155064/2023 |
| **MOTION DATE** | 07/24/2023, 08/03/2023 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

LOUIS L. NOCK, J.S.C.

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 11, 12, 13, 14, 15, and 31

were read on this motion to                            DISMISS            .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 32

were read on this motion for               SUMMARY JUDGMENT       .

     Upon the foregoing documents, plaintiff's motion to dismiss defendants' counterclaims (Mot. Seq. No. 001) is dismissed as moot, as defendants withdrew their counterclaims on the oral argument record of January 18, 2024.  Plaintiff's motion for summary judgment on the complaint (Mot. Seq. No. 002) is granted for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 17, 22, 25, 29) and the exhibits attached thereto, in which the court concurs, as summarized herein.

     In this action for breach of a receivables purchase agreement, plaintiff has established prima facie entitlement to summary judgment on its two causes of action for breach of the purchase agreement between the parties and defendant Bolles' guarantee of said agreement by submission of the contractual documents (NYSCEF Doc. No. 18); the affidavit of James Elder, plaintiff's Manager of Collections, setting forth the details of defendants' default (NYSCEF Doc.

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**
   **Motion No.  001 002**

**Page 1 of 5**

Case 25-10055-ELG    Document 15-17    Filed 08/12/26    Page 52 of 62

No. 17); and the remittance history between the parties (NYSCEF Doc. No. 20) (*Gard Entertainment, Inc. v Country in N.Y., LLC*, 96 AD3d 683, 683 [1st Dept 2012] ["Here, plaintiff established its entitlement to summary judgment as against Block by demonstrating proof of the guarantee he made in connection with a note executed by Country and his failure to make payments called for by its terms"]; *Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010] ["The elements of such a claim include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages"]).

In opposition, defendants fail to raise a material issue of fact requiring trial (*Kershaw v Hospital of Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Defendants' claim that the documents attached to Elder's affidavit are not properly authenticated is irrelevant, as defendants do not actually contest the facts asserted therein. Elder's affidavit properly lays out the requirements to admit a business record as evidence (CPLR 4518; Elder aff., NYSCEF Doc. No. 17, ¶ 2). Other than the defense of usury, discussed further below, defendants fail to provide any admissible evidence in support of their other affirmative defenses; the affirmation of counsel is not evidence that can be considered on summary judgment (*e.g., Tribbs v 326-338 E 100th LLC*, 215 AD3d 480, 480 [1st Dept 2023]).

Defendants' allegation of usury is also insufficient. Defendants argue that the agreement is in reality a usurious loan, but the terms of the agreement prove otherwise. But the defense of usury "must be established by clear evidence as to all the elements essential thereto" (*Giventer v Arnow*, 37 NY2d 305, 309 [1975]). Usury only applies to a "loan or forbearance of any money, goods or things in action" (General Obligations Law § 5-501; *Donatelli v Siskind*, 170 AD2d 433, 434 [2d Dept 1991]). In other words, "it must appear that the real purpose of the transaction was, on the one side, to lend money at usurious interest reserved in some form by the contract

**155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**                    **Page 2 of 5**
**Motion No.  001 002**

and, on the other side, to borrow upon the usurious terms dictated by the lender" (*Donatelli*, 170 AD2d at 434). "The court will not assume that the parties entered into an unlawful agreement . . . when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate" (*Giventer, supra*).

In the case of the agreement herein, there are three factors to consider in determining whether the transaction should be considered a loan or a sale of receivables: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*LG Funding, LLC v United Senior Properties of Olathe, LLC*, 181 AD3d 664 [2d Dept 2020]). These factors are not dispositive, since ultimately if the advanced sum is repayable absolutely then the agreement is a loan (*id.*, at 666). In addition, courts may consider factors such as a discretionary reconciliation provision, default provisions entitling the lender to immediate repayment, and collection on the personal guaranty in the event of default or bankruptcy finding in determining whether such agreements "were loans subject to usury laws" (*Davis v Richmond Capital Group, LLC*, 194 AD3d 516, 517 [1st Dept 2021]).

Here, the agreement appears to be what it states on its face – a purchase of future receivables. The agreement lacks a finite term, contains a reconciliation provision, and does not provide that defendant True Pwr LLC's filing for bankruptcy protection is a default under the agreement. Accordingly, defendants cannot show that the Agreement is a criminally usurious loan (*Principis Capital, LLC v I Do, Inc.,* 201 AD3d 752 [2d Dept 2022]).

Finally, defendants' assertion that discovery is necessary to resolve this matter is unsupported by the record. Defendants do not establish that facts "essential to justify opposition

**155064/2023  CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**            **Page 3 of 5**
**Motion No.  001 002**

3 of 5

may exist but cannot [now] be stated" (CPLR 3212[f]; *Morales v Amar*, 145 AD3d 1000, 1003 [2d Dept 2016] [The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion"]).

Accordingly, it is hereby

ORDERED that plaintiff's motion to dismiss defendants' counterclaims (Mot. Seq. No. 001) is dismissed as moot; and it is further

ORDERED that plaintiff's motion for summary judgment is granted; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $52,375.00, with interest thereon at the statutory rate from May 19, 2023, through entry of judgment as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff is entitled to its reasonable attorneys' fees pursuant to the contract documents (NYSCEF Doc. No. 18, ¶ 14), and the issue of the amount of such fees is severed and set down for a further hearing before the undersigned; and it is further

ORDERED that the parties shall appear for via Microsoft Teams for said hearing, to be arranged by the court, on October 31, 2024, at 10:00 AM; and it is further

ORDERED that plaintiff shall submit the documentation it intends to proffer in support of its fee application to defendants and the court on or before October 16, 2024.

155064/2023   CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL            Page 4 of 5
Motion No.  001 002

4 of 5

This constitutes the decision and order of the court.

ENTER:

*[signature: Louis L. Nock]*

| 9/16/2024 | | | |
|---|---|---|---|
| **DATE** | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155064/2023  CFG MERCHANT SOLUTIONS, LLC vs. TRUE PWR LLC ET AL**
**Motion No.  001 002**

**Page 5 of 5**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CIVIL TERM: COMMERCIAL PART 8
------------------------------------------------x
CFG MERCHANT SOLUTIONS, LLC,

                                    Plaintiff,          Decision and order

        - against -                          Index No. 531293/2021

CANYON POWER SOLUTIONS LLC; SAYERS
CONSTRUCTION LLC; POWER SOLUTIONS
GROUP LLC and MARK SAYERS,
                                    Defendants,         October 3, 2022
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN


        The plaintiff has moved seeking summary judgement pursuant

to CPLR §3212 arguing there are no questions of fact the

defendants owe the money sought.  The defendants oppose the

motion.  Papers were submitted by the parties and after reviewing

all the arguments this court now makes the following

determination.

        On September 23, 2021, the plaintiff a merchant cash

advance funding provider entered into a contract with defendants

who reside in Texas.  Pursuant to the agreement the plaintiff

purchased $355,000 of defendant's future receivable for

$250,000.00.  The defendant Mark Sayers guaranteed the agreement.

The plaintiff asserts the defendants stopped remittances in

November 2021 and now owe $285,154.  This action was commenced

and now the plaintiff seeks summary judgement arguing there can

be no questions of fact the defendants owe the amount outstanding

and judgement should be granted in their favor.  The defendants

oppose the motion.

Case 25-10055-ELG    Document 15-17    Filed 08/12/26    Page 57 of 62

Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (<u>Zuckerman v. City of New York</u>, 49 NYS2d 557, 427 NYS2d 595 [1980]).  Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (<u>Marino v. Jamison</u>, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

The defendants argue the agreement in this case was a usurious loan and thus is unenforceable.  In this case, there are no questions of fact the agreement was a cash advance agreement and not a usurious and unenforceable loan.  The agreement contained a reconciliation provision which conclusively establish the agreement was not usurious (<u>see</u>, <u>K9 bytes, Inc., v. Arch Capital Funding LLC</u>, 56 Misc3d 807, 57 NYS2d 625 [Supreme Court Westchester County 2017]).  The defendants argue the reconciliation provision in the contract was merely illusory and thus not a true reconciliation provision, hence the contract was a loan and was usurious.

The courts have developed three criteria evaluating whether a particular arrangement is a loan or a merchant case advance. First, whether there is a reconciliation provision, whether the agreement has an indefinite term and lastly, whether the funder

2

has recourse if the merchant declares bankruptcy (IBIS Capital Group LLC v. Four Paws Orlando LLC, 2017 WL 1065071 [Supreme Court New York County 2017]). Thus, a reconciliation provision demonstrates, without any evidence to the contrary, that the plaintiff is not entitled to repayment in all circumstances. In this case the reconciliation provision is mandatory, supporting the simple conclusion the agreement is not a loan (see, Tender Loving Care Homes Inc., v. Reliable Fast Cash LLC, 76 Misc3d 314, 172 NYS3d 335 [Supreme Court Richmond County 2022]). This is particularly true where the defendants "have not alleged that reconciliation did not in actuality function as agreed (or, indeed, that" the defendants "ever even requested reconciliation)" (see, Streamlined Consultants Inc., et., at., v. EBF Holdings LLC, 2022 WL 4368114 [S.D.N.Y. 2022]).

Further, the mere fact Mr. Syes guaranteed payment does not mean the contract was a usurious loan.

Therefore, no issues of fact have been raised which would demand a denial of the motion for summary judgement. Consequently, the motion seeking summary judgement is granted.

So ordered.

ENTER:

DATED: October 3, 2022
Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

2022 OCT 14 PM 12: 17
KINGS COUNTY CLERK
FILED

3

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 13th day of October 2022.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court

--------------------------------------------------------------------x

CFG MERCHANT SOLUTIONS, LLC,

                Plaintiff,

          -against-

FROMLEY LLC F/K/A IDAHOME LIVING REAL ESTATE LLC and MARK RUSSELL,

              Defendants.

--------------------------------------------------------------------x

Index No. 515056/2022

Cal. No. 7    MS 1

**Decision and Order**

The following e-filed papers read herein:        NYSCEF Doc Nos.

MS 1                              4-21; 30-70; 80-86; 90-110

Upon the foregoing papers, plaintiff's motion for an order pursuant to CPLR §3212, granting summary judgment against defendants is decided as follows:

On April 11, 2022, the parties entered into a merchant cash agreement whereby plaintiff purchased from defendant merchant $250,200.00 in future receivables (hereinafter "Purchased Amount") in exchange for an upfront purchase price of $180,000.00. The Purchased Amount was to be remitted to plaintiff via weekly ACH debits in the amount of $8,495.00, which purportedly represented a good faith estimate of defendant merchant's "specified percentage" of weekly

1

receipts. According to the affidavit of Lauren Cinnella ("Cinnella"), plaintiff's Manager of Collections, on or about May 13, 2022, defendant merchant defaulted under the provisions of the relevant agreement by (i) failing to give plaintiff 24 hours advance notice that there would be insufficient funds in the account such that four of plaintiff's attempted debits were rejected for insufficient funds; and (ii) failing to make any remittances thereafter.  Cinnella also avers that defendant Mark Russell ("Russell"), as guarantor, breached the provisions of the personal guaranty by failing to pay on the guaranty upon defendant merchant's default. Plaintiff seeks summary judgment in the amount of $229,796.00, which, according to plaintiff, consists of the outstanding balance owed on the Purchased Amount of receivables plus fees and costs.

Defendants oppose plaintiff's motion. Defendants contend that the loan is usurious because the repayment represents a yearly interest rate of 67.16%. Defendants also argue that plaintiff did not explain the reconciliation provision to defendants, and thus defendants were unaware that payments could be subject to such a provision. In addition, defendants assert that Russell was under the impression that he was signing the agreement as a representative of the corporate defendant and in no way did Russell intend to be held personally liable or to guarantee all amounts allegedly due to plaintiff. Lastly, defendants argue that plaintiff misrepresents the amount still owed by defendants and that plaintiff has failed to offer any evidence of the funds allegedly owed.

It is well established that a party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 [1980]).  Once such a prima facie showing has been made, the burden shifts to the party opposing the motion for summary judgment

2

Case 25-10055-ELG   Document 15-17   Filed 08/12/26   Page 61 of 62

to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*LG Funding, LLC v United Senior Props. of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]). As stated by the court in *Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]:

> "To determine whether a transaction constitutes a usurious loan: 'The court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy'" (*citing to LG Funding, LLC v United Senior Props. of Olathe, LLC, supra*).

Here, the subject merchant agreement satisfies all of the above criteria. Specifically, the agreement contains a valid reconciliation provision, maintains an indefinite term and provides that bankruptcy is not a breach of the agreement. Thus, there is no issue of fact that the transaction set forth in the agreement was not a loan. Plaintiff also established all of the elements to its breach of contract claim against defendants. Defendants' contention that they were unaware of the reconciliation provision and that Russell did not intend to sign the personal guaranty is unavailing. A signatory to a contract is presumed to know the contents of the instrument that he or she has signed and to have assented to such terms (*Rubens v UBS*, 126 AD3d 421, 422 [1st Dept 2015] [*citing to British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234, 234 [1st Dept 1991]).

Based on the foregoing, plaintiff is entitled to summary judgment against defendants. However, plaintiff does not offer sufficient proof regarding the amount that is allegedly due.

3

Accordingly, plaintiff is directed to settle a judgment on notice with a breakdown of the outstanding balance plus any fees and costs, including attorney's fees, within 30 days of notice of entry of this decision.

E N T E R :

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

4